# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, ) | DIVISION ONE |
| ) | |
| Respondent, ) | No. 78683-1-I |
| ) | |
| v. ) | UNPUBLISHED OPINION |
| ) | |
| ERICKSON ALAN POWELL, ) | |
| ) | |
| Appellant. ) | FILED: May 13, 2019 |

PER CURIAM — Erickson Powell appeals the judgment and sentence entered on his convictions for attempted commercial sexual abuse of a minor, communication with a minor for immoral purposes, and third degree attempted rape of a child. He contends the State failed to prove all the elements contained in the jury instruction for communicating with a minor for immoral purposes.

The "to convict" instruction required the jury to find the following:

> To convict the defendant of the crime of communicating with a minor for immoral purposes, **each of the following elements of the crime must be proved** beyond a reasonable doubt:
>
> (1) That on or about and between April 22, 2016 and April 27, 2016, the defendant **communicated with a minor female** for immoral purposes of a sexual nature;
> (2) That the defendant believed the other person was a minor;
> (3) That this act occurred in the State of Washington; and
> (4) That the defendant sent an electronic communication for immoral purposes.

(Emphasis added). The instruction required the jury to return a not guilty verdict if they had a reasonable doubt "as to any one of these elements [.]"

Powell correctly points out that the crime of communicating with a minor for immoral purposes normally requires *either* communication with a minor, or

communication with someone the defendant believes to be a minor. RCW 9.68A.090. The to-convict instruction in this case, however, required both communication with a minor and communication with someone the defendant believed to be a minor. Citing the law of the case doctrine and State v. Hickman, 135 Wn.2d 97, 102, 954 P.2d 900 (1998) (the State assumes the burden of proving unnecessary elements included without objection in the instructions), Powell contends the State took on the additional burden of proving that he communicated "with an actual person under the age of eighteen." Because Powell only communicated with a detective posing online as a minor, he concludes the evidence was insufficient to convict him under the to-convict instruction.

The State responds that "the law of the case doctrine prevents the raising of a claim of the jury instructions which was not raised below," the doctrine usurps the legislature's role in defining crimes, Hickman should be overruled, and "the error as to the individual to whom the communications were sent is harmless beyond a reasonable doubt." But sufficiency of the evidence can be raised for the first time on appeal, State v. Sweany, 162 Wn.App. 223, 228, 256 P.3d 1230 (2011), this court is bound by Hickman, State v. Gore, 101 Wn.2d 481, 487, 681 P.2d 227 (1984), and harmless error is inapplicable to a claim of insufficient evidence. We therefore reverse the conviction for communicating with a minor for immoral purposes.[1]

---

[1] The parties do not cite, and we do not address, the State Supreme Court's decision in State v. Tyler, 191 Wn.2d 205, 422 P.3d 436 (2018) (where to-convict instruction included a list of ways of possessing stolen property in one of the listed elements, but a separate instruction defining possession of stolen property contained the same list, the instructions as a whole made clear that

Powell next contends, and the State concedes, that his judgment and sentence ascribes an erroneous felony class and maximum sentence to commercial sexual abuse of a minor, and imposes a sentence for that offense which, in combination with his community custody term, exceeds the 60-month statutory maximum. The State further concedes that the judgment and sentence states an erroneous seriousness level for attempted commercial sexual abuse of a minor.

We accept the concessions of error, reverse the conviction for communication with a minor for immoral purposes, and remand for further proceedings consistent with this opinion.

For the Court:

_Appelwick, C.J._

_Dwyer, J._

_Mann, A.C.J._

---

the list in the to-convict instruction was definitional and the State did not have to prove every type of possession listed in that instruction).