[No. 46234. En Banc. March 6, 1980.]

THE STATE OF WASHINGTON, *Appellant,* v. JIMMIE L. SWINDELL, *Respondent.*

*Norm Maleng, Prosecuting Attorney,* and *Julia I. Baute, Deputy,* for appellant.

*Robert Olson* of *Seattle–King County Public Defender Association,* for respondent.

STAFFORD, J.—Defendant Jimmie L. Swindell was convicted on a charge of carrying a concealed weapon, a pistol, in violation of Seattle Municipal Ordinance 12A.17.140. He was subsequently charged by information with violation of RCW 9.41.040[1] which prohibits one from owning, possessing or having a pistol under his control if he has previously been convicted of a "crime of violence". It was alleged that in April of 1969 defendant had been convicted of second-degree assault—a "crime of violence".[2]

Defendant moved to dismiss the information asserting the charge violated the prohibition against double jeopardy. He also challenged use of the 1969 assault conviction contending the underlying guilty plea was made involuntarily. Both motions were denied and he was convicted. Defendant appealed and, by less than a unanimous decision, the Court of Appeals rejected the double jeopardy challenge. It concluded, however, that defendant's guilty plea was involuntary and reversed the trial court on that issue. We accepted review pursuant to RCW 2.06.030(e) and affirm the Court of Appeals.

## DOUBLE JEOPARDY

Defendant contends his conviction under RCW 9.41-.040, following the misdemeanor conviction for carrying a concealed weapon, violates the prohibition against double jeopardy. U.S. Const. amend. 4; Const. art. 1, § 9. We do not agree. In *State v. Roybal*, 82 Wn.2d 577, 512 P.2d 718 (1973) we held the multiple prosecution of one for carrying

---

[1]RCW 9.41.040 provides:

"Certain persons forbidden to possess arms. No person who has been convicted in this state or elsewhere of a crime of violence, shall own a pistol or have one in his possession or under his control. Such person upon being convicted of a violation of this section shall be guilty of a felony and punished by imprisonment in the state penitentiary for not less than one year nor more than ten years."

[2]RCW 9.41.010 provides in part:

"'Crime of violence' as used in RCW 9.41.010 through 9.41.160 means any of the following crimes or an attempt to commit any of the same: Murder, manslaughter, rape, riot, mayhem, first degree assault, second degree assault, robbery, burglary and kidnaping."

a concealed weapon and for violating RCW 9.41.040 does not constitute the "same offense" as contemplated by the double jeopardy clause of either the federal or state constitution. We said at pages 582–83:

> [D]efendant argues that the possession of a pistol is the gravamen of both offenses. This contention overlooks the fact that mere possession of a pistol alone is insufficient to convict under either the ordinance or the statute; each offense contains an additional element not included in the other. Under the city ordinance concealment of the weapon must be proven, but concealment is not a requisite element of RCW 9.41.040. The state statute additionally requires evidence that the defendant has been convicted of a crime of violence, whereas such evidence is irrelevant to a violation of Pasco Municipal Code 9.24-.010. Thus the required evidence under either charge would be insufficient to convict under the other.
>
> Likewise the municipal charge of concealing a weapon is not a lesser included offense in the state charge. . . . The element of concealment is not an essential ingredient of the state charge and the defendant could have committed the greater offense without committing the lesser.

Defendant argues that recent decisions, particularly *Brown v. Ohio,* 432 U.S. 161, 53 L. Ed. 2d 187, 97 S. Ct. 2221 (1977), call into question the continuing vitality of *Roybal.* Defendant's reliance on *Brown* is misplaced, however. In *Brown,* the Supreme Court reaffirmed the double jeopardy test announced in *Blockburger v. United States,* 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180 (1932). That test is indistinguishable from the "elements of the crimes" test established in *Roybal.* Defendant's double jeopardy challenge is without merit.

### USE OF DEFENDANT'S PRIOR ASSAULT CONVICTION

Defendant contends the guilty plea underlying his 1969 assault conviction in Spokane County Superior Court was made involuntarily. Thus, he contends, it cannot be used to support a conviction under RCW 9.41.040. The State argues that defendant cannot challenge the 1969 conviction, having failed to do so either by direct appeal or by a petition

for post–conviction relief, citing *State v. Murdock,* 18 Wn. App. 294, 567 P.2d 267 (1977), *rev'd on other grounds,* 91 Wn.2d 336, 588 P.2d 1143 (1979); and *State v. Petersen,* 16 Wn. App. 77, 553 P.2d 1110 (1976). *But see State v. Boyd,* 21 Wn. App. 465, 586 P.2d 878 (1978). The challenge raises two questions: first, on a charge alleging violation of RCW 9.41.040, can a defendant challenge the *present* use of a *prior* conviction of a "crime of violence" on the basis that the underlying guilty plea was allegedly made involuntarily? Second, if such a challenge is permissible, who has the burden of proving the constitutional validity or invalidity of the guilty plea?

Initially we note defendant's challenge to the constitutional validity of his prior conviction for a "crime of violence" is not an attempt to invalidate the previous judgment, as would be the case in a direct appeal or a personal restraint petition. Rather, defendant seeks to foreclose the *prior* conviction's *present* use to establish an essential element of RCW 9.41.040, *i.e.,* a constitutionally valid conviction for a "crime of violence". Defendant's challenge is thus indistinguishable from *State v. Holsworth,* 93 Wn.2d 148, 607 P.2d 845 (1980).

In *Holsworth,* we held that in a habitual criminal proceeding a defendant could challenge the *present* use of *prior* convictions based on guilty pleas which allegedly did not meet the criteria of *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969) and prior decisions of this court. We adhere to *Holsworth* and hold that Swindell may challenge the use of a constitutionally invalid guilty plea presently employed to support the State's allegation of a previous "crime of violence" conviction.

In *Holsworth,* we also held that once a defendant charged under RCW 9.92.090 calls attention to the alleged unconstitutionality of a prior felony conviction used by the State to support a habitual criminal charge, the State must thereafter prove beyond a reasonable doubt that the prior conviction was constitutionally valid. The considerations determinative of one's right to challenge prior guilty pleas

in the habitual criminal context are also present in the instant case. The existence of a constitutionally valid conviction for a "crime of violence" is an element the State must prove beyond a reasonable doubt under RCW 9.41-.040. *Pettus v. Cranor,* 41 Wn.2d 567, 250 P.2d 542 (1952); *State v. Tully,* 198 Wash. 605, 89 P.2d 517 (1939). Accordingly, we hold that once a defendant calls attention to the alleged unconstitutionality of a plea of guilty to a prior "crime of violence" sought to be used by the State to support a charge under RCW 9.41.040, the State must prove beyond a reasonable doubt, that the plea was made voluntarily.

Having concluded that defendant may challenge the present use of his 1969 guilty plea, we now address the contention that his plea was the product of improper prosecutorial coercion, and thus involuntary. During a motion in limine, defendant related the circumstances surrounding the 1969 plea. Significantly, the State made no attempt to rebut the substance of defendant's testimony. Indeed, with minor exceptions, the State accepted defendant's statement of the facts. Consequently, defendant's testimony and the verbatim transcript of the guilty plea constitute the entire record of the events in 1969.

Defendant asserts that in 1969 he was represented by a lawyer whom he saw only once prior to his plea. Initially he entered a plea of not guilty and was prepared to go to trial on the second–degree assault charge. Defendant states that immediately before his scheduled court appearance he was taken from jail to the prosecutor's office. His lawyer was not informed of this impromptu meeting and thus was not present. Further, there is no evidence defendant was informed of his right to have counsel present at this meeting. The prosecuting attorney apparently told defendant that unless he pleaded guilty to second–degree assault, he would move to amend the information from second–degree assault to first–degree assault while armed with a deadly weapon. Thereafter, the defendant went directly to the

courtroom, where he joined his lawyer who was then prepared to proceed to trial. Defendant did not tell his attorney of the discussion. Prior to the trial he withdrew his former plea of not guilty and pleaded guilty to second-degree assault.

A guilty plea induced by a prosecutorial threat to file increased charges or a promise to refrain from filing additional charges does not necessarily vitiate an otherwise voluntary plea. *Bordenkircher v. Hayes,* 434 U.S. 357, 54 L. Ed. 2d 604, 98 S. Ct. 663 (1978); *Watkins v. Solem,* 571 F.2d 435 (8th Cir. 1978). The Court of Appeals ruled, however, that "the prosecutor's threat . . . was inherently intimidating" since it was made in the absence of defense counsel during the plea negotiations. We agree.

The presence of counsel during all stages of plea bargaining is mandated by the courts. In *Bordenkircher,* the Supreme Court noted, at page 363:

> Plea bargaining flows from "the mutuality of advantage" to defendants and prosecutors, each with his own reasons for wanting to avoid trial. *Brady v. United States, supra,* at 752. Defendants *advised by competent counsel* and protected by other procedural safeguards are presumptively capable of intelligent choice in response to prosecutorial persuasion, and unlikely to be driven to false self-condemnation.

(Italics ours.) Further, in *Williams v. Kaiser,* 323 U.S. 471, 475-76, 89 L. Ed. 398, 65 S. Ct. 363 (1945), the court stated:

> Only counsel could discern from the facts whether a plea of not guilty to the offense charged or a plea of guilty to a lesser offense would be appropriate. *A layman is usually no match for the skilled prosecutor whom he confronts in the court room.* He needs the aid of counsel lest he be the victim of overzealous prosecutors, of the law's complexity, or of his own ignorance or bewilderment.

(Footnote omitted. Italics ours.) *See also Brady v. United States,* 397 U.S. 742, 758, 25 L. Ed. 2d 747, 90 S. Ct. 1463 (1970).

In the instant case, the absence of counsel during a critical stage of plea bargaining clearly vitiates the constitutional validity of defendant's subsequent plea. Without the presence and advice of counsel, defendant was in no position to evaluate the wisdom of pleading guilty or the risk of going to trial. This case presents a situation "very different from the give–and–take negotiation common in plea bargaining between the prosecution and defense, which arguably possess relatively equal bargaining power." *Parker v. North Carolina*, 397 U.S. 790, 809, 25 L. Ed. 2d 785, 90 S. Ct. 1474, 1479–80 (1970) (Brennan, J., dissenting). Without counsel, defendant was in a wholly unequal bargaining position which rendered meaningless the "mutuality of advantage" from which plea bargaining flows. *Bordenkircher v. Hayes, supra* at 363; *Brady v. United States, supra* at 752. The State has failed to establish beyond a reasonable doubt the constitutional validity of defendant's 1969 guilty plea.

The holding herein makes it unnecessary to reach defendant's other contentions.

The Court of Appeals is affirmed.

UTTER, C.J., and ROSELLINI, WRIGHT, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.

Reconsideration denied May 15, 1980.