[No. 11425-5-I.   Division One.   June 20, 1983.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHNIE LEE GORE, *Appellant*.

---

[2]RCW 9A.08.010(1)(b) states:

*Paris K. Kallas* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *J. Robin Hunt, Deputy,* for respondent.

DURHAM, A.C.J.—On May 16, 1980, Johnie Lee Gore was charged with being a felon in possession of a firearm in violation of RCW 9.41.040.[1] Gore's previous conviction for second degree burglary[2] was on appeal. On June 19, 1980, Gore stipulated to facts sufficient to enter a finding of guilty pursuant to the firearms statute, and expressly preserved his right to appeal if his underlying burglary conviction was reversed. The trial court entered judgment and sentence on the firearms charge. On May 4, 1981, this court reversed and dismissed Gore's burglary conviction on the basis that the State failed to prove sufficient evidence to convict him.

Gore now argues that the reversal of his burglary conviction requires reversal of the firearms conviction. Specifically, Gore claims that, under *State v. Swindell,* 93 Wn.2d 192, 607 P.2d 852 (1980), an unconstitutional prior convic-

---

[1] RCW 9.41.040 provides:

"No person who has been convicted in this state or elsewhere of a crime of violence, shall own a pistol or have one in his possession or under his control. Such person upon being convicted of a violation of this section shall be guilty of a felony and punished by imprisonment in the state penitentiary for not less than one year nor more than ten years."

[2] Second degree burglary constitutes a "crime of violence" as used in RCW 9.41.040:

"'Crime of violence' as used in RCW 9.41.010 through 9.41.160 means any of the following crimes or an attempt to commit any of the same: Murder, manslaughter, rape, riot, mayhem, first degree assault, second degree assault, robbery, burglary and kidnaping." RCW 9.41.010.

tion cannot support a conviction for being a felon in possession of a firearm.

In *Swindell,* the Washington Supreme Court's unanimous opinion held that the State has the burden of proving the constitutional validity of a prior guilty plea[3] to support the State's allegation of a previous conviction under RCW 9.41.040. *Swindell,* at 197. The court decided *Swindell* 3 weeks after its decision in *State v. Holsworth,* 93 Wn.2d 148, 607 P.2d 845 (1980). *Holsworth* held that a prior conviction based on a guilty plea, which allegedly did not meet the criteria of *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969), could be challenged in a habitual criminal proceeding. In a 2–paragraph discussion, the court in *Swindell* summarily concluded that the circumstances were indistinguishable from *Holsworth.* The court did not discuss the significant differences in the liberty interests at stake, or the distinction between regulating the privilege to carry a weapon and subjecting a recidivist to life imprisonment.

Seven days before *Swindell* was filed, the United States Supreme Court decided *Lewis v. United States,* 445 U.S. 55, 63 L. Ed. 2d 198, 100 S. Ct. 915 (1980).[4] There, the Court considered these policy issues, *inter alia,* and held that the government *does not* have the burden of proving the constitutional validity of a prior conviction under Title VII of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. app. § 1202(a)(1).[5] Rather, it held that it is

---

[3]We make no distinction between the use of prior guilty pleas and prior convictions in applying RCW 9.41.040.

[4]In *Lewis v. United States,* 445 U.S. 55, 63 L. Ed. 2d 198, 100 S. Ct. 915 (1980), the predicate conviction was for breaking and entering with intent to commit a misdemeanor in violation of Fla. Stat. § 810.05 (1961). The court convicted Lewis upon a guilty plea entered without advice of counsel contrary to *Gideon v. Wainwright,* 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A.L.R.2d 733 (1963). Lewis did not appeal, he was never pardoned, and his conviction was never overturned. Although the prior conviction was subject to collateral attack on constitutional grounds, the court held the conviction itself was still disabling.

[5]18 U.S.C. app. § 1202(a) (1976) reads in full:

the obligation of a convicted felon to clear his status *before* obtaining a firearm. *Lewis,* at 62, 64, 67. Contrary to the Washington Supreme Court's inclination in *Swindell,* the United States Supreme Court was unpersuaded by analogies to the use of prior convictions in habitual criminal proceedings. *See Lewis,* at 67; *State v. Holsworth, supra.* The Court specifically stated that the *Lewis* decision was not inconsistent with *Burgett v. Texas,* 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967), which held that an unconstitutional prior conviction, invalid under *Gideon v. Wainwright,* 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A.L.R.2d 733 (1963), cannot be used for enhancement of punishment under a recidivist statute.

> In [*Burgett*], this Court found that the subsequent conviction or sentence violated the Sixth Amendment because it depended upon the reliability of a past uncounseled conviction. The federal gun laws, however, focus not on reliability, but on the mere fact of conviction, . . . in order to keep firearms away from potentially dangerous persons. . . . Enforcement of that essentially civil disability through a criminal sanction does not "support guilt or enhance punishment" . . . on the basis of a conviction that is unreliable when one considers Congress' broad purpose. Moreover, unlike the situation in *Burgett,* the sanction imposed by § 1202(a)(1) attaches immediately upon the defendant's first conviction.

(Citation omitted.) *Lewis,* at 67.

Inasmuch as *Lewis* was decided just 1 week before *Swin-*

---

"Any person who—

"(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, or

"(2) has been discharged from the Armed Forces under dishonorable conditions, or

"(3) has been adjudged by a court of the United States or of a State or any political subdivision thereof of being mentally incompetent, or

"(4) having been a citizen of the United States has renounced his citizenship, or

"(5) being an alien is illegally or unlawfully in the United States,

"and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both."

*dell,* we do not know if the Washington Supreme Court had the benefit of *Lewis* before it filed its opinion. The Washington court denied reconsideration of *Swindell* approximately 3 months later. We presume that it then had the *Lewis* opinion. Nonetheless, we have no way of knowing the basis for the court's denial of the motion for reconsideration.

Because a conflict between *Lewis* and *Swindell* still exists, we believe that it must be addressed. Based on our review of the two cases, we are persuaded by the public policy considerations enunciated in *Lewis* and recently reiterated in *Dickerson v. New Banner Inst., Inc.,* __ U.S. __, 74 L. Ed. 2d 845, 103 S. Ct. 986 (1983).

In *Lewis* the Supreme Court noted Congress' concern about the easy availability of firearms, especially to people who pose a threat to the community peace.[6] *Lewis,* at 67. The breadth of the statutory language reflects Congress' expansive approach, which imposes a firearms disability on any person who "has been convicted . . . of a felony". 18 U.S.C. app. § 1202(a)(1) (1976).[7] *Lewis* characterized the

---

[6]18 U.S.C. app. § 1201 (1976) provides:

The Congress hereby finds and declares that the receipt, possession, or transportation of a firearm by felons, veterans who are discharged under dishonorable conditions, mental incompetents, aliens who are illegally in the country, and former citizens who have renounced their citizenship, constitutes—

    (1) a burden on commerce or threat affecting the free flow of commerce,

    (2) a threat to the safety of the President of the United States and Vice President of the United States,

    (3) an impediment or a threat to the exercise of free speech and the free exercise of a religion guaranteed by the first amendment to the Constitution of the United States, and

    (4) a threat to the continued and effective operation of the Government of the United States and of the government of each State guaranteed by article IV of the Constitution.

The Supreme Court deferred to the Legislature's determination of convicted felons' potential for future criminal behavior and found rational the nexus between violent crime and possession of a firearm by a classification of potentially irresponsible people. *Lewis,* at 65–67.

[7]The United States Supreme Court recognized an obvious exception to the lit-

conviction as a disabling circumstance which prohibits adjudicated criminals from possessing firearms, until the conviction is vacated or the felon has removed the disability by some affirmative action. *Lewis,* at 60–61, 64, 67. *See Dickerson,* 103 S. Ct. at 991. The Court said that the absence of express language or legislative history evidencing an intent to limit the statute's coverage showed that, "'Congress sought to rule broadly—to keep guns out of the hands of those who have demonstrated that "they may not be trusted to possess a firearm without becoming a threat to society."'" *Lewis,* at 63 (quoting *Scarborough v. United States,* 431 U.S. 563, 572, 52 L. Ed. 2d 582, 97 S. Ct. 1963 (1977)).

The Washington Legislature also has imposed a firearms disability on anyone who "has been convicted . . . of a crime of violence". RCW 9.41.040. The scope of the restriction is broad. The plain language is not modified in any way to suggest an exception for felons with outstanding convictions on appeal, or convictions which might turn out to be invalid at some future date. The statute unequivocally imposes the disability on anyone "who has been convicted." If the plain meaning of RCW 9.41.040 is unambiguous, it is conclusive absent clear legislative intent to the contrary. *See Dickerson,* 103 S. Ct. at 990; *Lewis,* at 60. The Washington legislative history is silent. Laws of 1935, ch. 172, § 4, p. 599, amended by Laws of 1961, ch. 124, § 3, p. 1639 (adding second sentence).

We conclude that the language of the statute, coupled with the public policy concerns voiced by the United States

---

eral language of the statute for one whose predicate conviction has been vacated or reversed on direct appeal. *Lewis,* at 61 n.5. This dicta must be read in conjunction with the rule established therein; the felon must clear his status *before* obtaining a firearm to fulfill the purpose of keeping guns away from people who might be expected to misuse them. *Lewis,* at 64, 67. Thus, if a person's conviction has been reversed on appeal prior to possessing a firearm then he is not "convicted" within the meaning of the federal act. Nothing in *Lewis* suggests that reversal of the prior conviction *subsequent to* possessing a gun nullifies the firearm disqualification for the period between the entry of the prior conviction and date of its reversal.

Supreme Court, mandates adoption of the *Lewis* interpretation. Thus, we hold that Gore's past adjudication and conviction disqualified him from possessing a firearm, regardless of the subsequent reversal of his underlying conviction. To hold otherwise would seriously hamper effective enforcement of the firearms statute.

The judgment is affirmed.

SWANSON and WILLIAMS, JJ., concur.

Reconsideration denied July 13, 1983.

Review granted by Supreme Court October 21, 1983.