IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36296-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| VICTOR JAMES MATHIS, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Victor James Mathis appeals his Klickitat County convictions

for two counts of first degree unlawful possession of a firearm. Mr. Mathis contends the

evidence was insufficient to support the convictions because the State failed to prove the

essential element of a constitutionally valid predicate felony conviction. We affirm.

FACTS AND PROCEDURE

Mr. Mathis was charged with the unlawful firearm possession counts after police

responded to a call reporting a fight in progress at Mr. Mathis's home. One participant

told officers that Mr. Mathis had pointed a rifle at him. Mr. Mathis admitted there were

guns in the house. He turned over a .30-06 rifle to officers that night. A subsequent

criminal history check revealed that Mr. Mathis had prior felony convictions in Georgia

that precluded him from possessing firearms.  Police then obtained a warrant to search

Mr. Mathis's home and recovered a .22-caliber rifle.  At the time the warrant was

executed, Mr. Mathis initially told an officer it was not him but his brother who was

convicted of offenses in Georgia.  The officer testified at trial that Mr. Mathis admitted

later in the conversation that he had been convicted of burglary and armed robbery in

Georgia.

To establish the prior conviction element of first degree unlawful possession of a

firearm, the State introduced certified copies of documents from the State of Georgia

showing that "Victor Lewis James" had been convicted of several felonies.  Included in

these documents was a "Final Disposition" dated April 17, 1991, showing a conviction by

guilty plea to 10 counts, including armed robbery (count 1) and possession of firearm by

convicted felon (count 10).  Ex. 8.1.[1]  The State's expert fingerprint examiner testified

that Mr. Mathis's fingerprints taken during the booking process in the current case

conclusively matched those of the person convicted of the Georgia crimes.

Mr. Mathis nevertheless denied that he was "Victor Lewis James" or that he had

been convicted of the Georgia crimes.  At the close of the State's case, Mr. Mathis moved

---

[1] A Final Disposition entered on February 23, 1990, shows that "Victor Lewis James" was also convicted in Georgia of burglary pursuant to a guilty plea.  The burglary conviction gave rise to the 1991 possession of firearm by convicted felon conviction.  *Id*.

for dismissal of the charges against him on grounds that the State failed to prove the constitutionally valid predicate conviction element of unlawful possession of a firearm. His counsel reasoned that although the final disposition document in Exhibit 8.1 is akin to a judgment and sentence, and references a guilty plea, it did not also contain a guilty plea statement or any other document indicating the defendant acknowledged understanding the constitutional rights given up entering into the plea. Counsel maintained that the State had not proved anybody named on that Final Disposition, "be it Victor Lewis James or Victor James Mathis, was convicted of the offense beyond a reasonable doubt, or even at this point in time in the light most favorable to the [S]tate, because they cannot show, again, that it's constitutionally valid." Report of Proceedings (RP) (Aug. 8, 2018) at 124-25. Counsel further argued that "since the time of my opening [statement], this whole case is whether or not Mr. Mathis was convicted," and dismissal was warranted because the State provided no evidence that Mr. Mathis was ever convicted of a felony or given notice, or acquired actual knowledge, that he could not possess a firearm. RP (Aug. 9, 2018) at 137-38.

The court denied Mr. Mathis's motion to dismiss. It reasoned that the State presented prima facie evidence of a constitutionally valid armed robbery conviction from Georgia absent any contradictory evidence from the defense, and the Georgia conviction

3

for possession of firearm by a convicted felon was prima facie evidence that Mr. Mathis had actual knowledge of his inability to possess a firearm.

Mr. Mathis testified at trial. He said he had never gone by any other name, and denied being convicted of any felony in Georgia or being fingerprinted there. Mr. Mathis claimed "Victor Lewis James," the person convicted and fingerprinted in Georgia, was actually his twin brother from the same father but a different mother. *Id*. at 145. Mr. Mathis also admitted to possessing the .30-06 and .22-caliber rifles that were the subject of the current charges.

A jury found Mr. Mathis guilty as charged of two counts of first degree unlawful possession of a firearm. The trial court imposed concurrent high-end 102-month sentences on each count. This appeal follows.

ANALYSIS

Mr. Mathis contends sufficient evidence did not support his convictions for first degree unlawful possession of a firearm because the State failed to prove a constitutionally valid predicate felony conviction. In contrast to Mr. Mathis's trial testimony, his counsel states that for purposes of this appeal it is now assumed that the prior Georgia convictions of Victor Lewis James were properly attributed to the appellant, Victor James Mathis.

In reviewing a challenge to the sufficiency of the evidence, we view the evidence and all reasonable inferences in a light most favorable to the State to determine whether

4

any rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). A claim of

insufficiency admits the truth of the State's evidence and all reasonable inferences that a

trier of fact can draw from the evidence. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d

1068 (1992).

Under RCW 9.41.040(1)(a), a person is guilty of first degree unlawful possession

of a firearm if the person owns or has in his or her possession a firearm, after having

previously been convicted of any serious offense. Here, it is undisputed that armed

robbery in Georgia is a crime of violence that is equivalent to a serious offense in

Washington, as currently defined in RCW 9.41.010(24)(a), (o).[2]

RCW 9.41.040 requires a constitutionally valid predicate (serious offense)

conviction. *State v. Gore*, 101 Wn.2d 481, 485-86, 681 P.2d 227 (1984); *State v. Swindell*,

93 Wn.2d 192, 196–97, 607 P.2d 852 (1980). The existence of a constitutionally valid

prior conviction is an essential element of the offense, one the State must prove beyond a

reasonable doubt. *Swindell*, 93 Wn.2d at 196–97. A defendant may raise a defense to a

firearm possession charge by challenging the constitutional validity of the predicate

conviction. *State v. Summers*, 120 Wn.2d 801, 811-12, 846 P.2d 490 (1993). This

---

[2] At the time of Mr. Mathis's offense conduct, this definition was found at former
RCW 9.41.010(21)(a), (o) (2015).

5

includes the ability to challenge the present use of a prior conviction based on a guilty plea that allegedly did not meet the constitutional voluntariness criteria of *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). *Swindell*, 93 Wn.2d at 196-97 (citing *State v. Holsworth*, 93 Wn.2d 148, 607 P.2d 845 (1980)).

In raising this defense, "the defendant bears the initial burden of offering a colorable, fact-specific argument supporting the claim of constitutional error in the prior conviction." *Summers*, 120 Wn.2d at 812. Such a challenge is not considered an attempt to invalidate the judgment, as is the case in a direct appeal or personal restraint petition. "Rather, [the] defendant seeks to foreclose the *prior* conviction's *present* use to establish an essential element of RCW 9.41.040." *Id.* at 810 (quoting *Swindell*, 93 Wn.2d at 196). Once this showing has been made, the burden shifts to the State to prove beyond a reasonable doubt that the predicate conviction is constitutionally sound. *Id.* at 812; *Swindell*, 93 Wn.2d at 196-97. The State's burden arises only after the defendant has made the initial showing. *Summers*, 120 Wn.2d at 812; *State v. Reed*, 84 Wn. App. 379, 384–85, 928 P.2d 469 (1997).

Mr. Mathis contends his case is controlled by *Swindell*, where the Washington Supreme Court reversed and dismissed a conviction for unlawful possession of a firearm because Mr. Swindell's largely unchallenged testimony during a motion in limine about the details of his guilty plea to the predicate offense had placed in question the plea's

voluntariness, and the State then failed to establish beyond a reasonable doubt the constitutional validity of the plea. *Swindell*, 93 Wn.2d at 197-99.

Mr. Mathis asserts that he met *Swindell's* requirement to challenge the constitutional validity of the predicate Georgia conviction when he argued in his motion to dismiss that the State's evidence failed to establish that he entered a knowing and voluntary plea. He then argues under *Boykin* that a voluntary waiver cannot be inferred from a silent record. Mr. Mathis concludes that because the evidence failed to show a voluntary and therefore constitutionally valid plea to the predicate conviction, the State's proof was insufficient and his convictions must be reversed and dismissed. *Boykin*, 395 U.S. at 243-44. These arguments miss the mark.

Unlike in *Swindell*, Mr. Mathis did not offer any colorable, fact-specific argument that his 1991 Georgia plea to armed robbery (and possession of a firearm by a convicted felon) was constitutionally invalid. Instead, throughout trial Mr. Mathis completely denied being the person convicted of the armed robbery (and other Georgia felonies) and he made only an unsupported conclusory assertion that whoever was convicted in Georgia did not enter a constitutionally valid guilty plea *because no plea document was included with the 1991 Final Disposition.* In contrast to *Swindell*, this tactical approach by Mr. Mathis did not satisfy his initial burden of making a colorable, fact-specific argument to show constitutional invalidity of the plea. Thus, the burden never shifted to the State to

7

prove beyond a reasonable doubt that the predicate Georgia conviction for armed robbery shown on the 1991 Final Disposition was constitutionally sound. *Summers*, 120 Wn.2d at 812. The certified copy of the Final Disposition for armed robbery in Exhibit 8.1 sufficed as proof that Mr. Mathis had been convicted of a qualifying serious offense. The jury rejected Mr. Mathis's testimony to the contrary—a determination that we do not review.

Viewing the evidence in the light most favorable to the State, any rational trier of fact could have found Mr. Mathis guilty beyond a reasonable doubt of the two counts of first degree unlawful possession of a firearm. RCW 9.41.040(1)(a); *Green*, 94 Wn.2d at 221.

The convictions are affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, A.C.J.
Pennell, A.C.J.

WE CONCUR:

_____          _____
Korsmo, J.                        Fearing, J.

8