# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52420-1-II |
| Respondent, | |
| v. | |
| HARRY KENNETH WAYMOTH, III, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — On the morning of his scheduled trial, Harry Waymoth III pled guilty to two counts of child molestation in the first degree and one count of assault of a child in the third degree. In exchange for the pleas of guilty, the State dismissed two counts of rape of a child in the first degree.

Prior to being sentenced, Waymoth moved to withdraw his pleas of guilty. After a hearing, the court denied the motion and sentenced Waymoth. Waymoth appeals, claiming that he received ineffective assistance of counsel.

We affirm but remand for the court to strike the interest accrual provision of the judgment and sentence.

## FACTS

The State charged Waymoth with a number of crimes, including four sex offenses. Waymoth turned down the State's plea offer of 31 months, which was contingent on him not interviewing the victim. Subsequently, his lawyer interviewed the victim.

The day prior to trial, the court held a hearing, pursuant to RCW 9A.44.120, on the admissibility of the victim's statements. It ruled the victim's statements admissible.

At that same hearing, the court heard motions in limine. Waymoth sought to introduce evidence at trial, pursuant to ER 608, that the victim had falsely accused two other people of sex offenses.

The State opposed the admission of this evidence. After hearing an offer of proof and argument, the court reserved ruling on the admissibility of this evidence.

Waymoth's lawyer, Kevin Griffin, visited his client in jail the evening after the hearings. They discussed his interview with the victim, the court's child hearsay ruling, and the court's reservation of ruling on the admissibility of the prior false accusations. Waymoth's lawyer discussed trial strategy and possible outcomes with his client. They discussed other impeachment evidence, the lack of physical evidence, and Waymoth's potential testimony denying the crimes. Griffin found it difficult to assess what a jury would do and so advised Waymoth.

After this discussion, Waymoth asked Griffin "to see what kind of a settlement [they] could get on the table." Report of Proceedings (RP) (Aug. 13, 2018) at 57. Griffin left the jail and contacted the assigned prosecutor at approximately 9:45 p.m. After bargaining, Griffin received an offer for his client. The State agreed to dismiss the most serious charges in exchange for pleas of guilty to the other charges.

Griffin discussed the offer with his client the morning of trial. Waymoth decided to accept the offer and reviewed the statement of defendant on plea of guilty with his lawyer. He then went before the court to enter his pleas.

During the plea colloquy, Waymoth expressed some concerns. The court paused the proceedings three times to allow Waymoth to confer with Griffin and, before accepting the guilty plea, took a recess so Waymoth could talk further with Griffin. After meeting with his lawyer, Waymoth proceeded with the guilty plea hearing. The court accepted his plea, filed the defendant's statement on plea of guilty, ordered a presentence investigation, and set the matter over for sentencing.

Prior to sentencing, Waymoth personally filed a motion to withdraw his pleas based on an ineffective assistance of counsel claim. The court allowed Griffin to withdraw and appointed new counsel.

A subsequent hearing occurred where both Griffin and Waymoth testified to the facts summarized above. In addition, Waymoth contended that, after entering his plea of guilty, he conducted independent research and felt that the prior false allegation evidence could be admissible under ER 602 and ER 607 even if the court ruled it inadmissible under ER 608. Waymoth fully understood that the court had not ruled on the admissibility of the prior false allegations but felt his lawyer did not properly research the issue.

The court denied the motion to withdraw the guilty pleas. It then sentenced Waymoth. The judgment and sentence included legal financial obligations and a provision regarding the accrual of interest. Waymoth appeals.

ANALYSIS

I. INEFFECTIVE ASSISTANCE OF COUNSEL

Waymoth argues that he received ineffective assistance of counsel and as a result he entered an involuntary, unknowing, and unintelligent plea. He argues that his counsel did not correctly advise him during plea negotiations.

A.      Legal Principles

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee criminal defendants the right to effective assistance of counsel. *State v. Estes*, 188 Wn.2d 450, 457, 395 P.3d 1045 (2017). Defense counsel's obligation to provide effective assistance applies at the plea bargaining stage. *State v. Swindell*, 93 Wn.2d 192, 198, 607 P.2d 852 (1980); *State v. James*, 48 Wn. App. 353, 362, 739 P.2d 1161 (1987). We review ineffective assistance of counsel claims de novo. *Estes*, 188 Wn.2d at 457.

To prevail on a claim of ineffective assistance of counsel, the defendant must show both (1) that defense counsel's representation was deficient and (2) that the deficient representation prejudiced the defendant. *State v. Grier*, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011). If either prong is not satisfied, the defendant's claim fails. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 673, 101 P.3d 1 (2004).

Representation is deficient if, after considering all the circumstances, the performance falls "'below an objective standard of reasonableness.'" *Grier*, 171 Wn.2d at 33 (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). "The burden is on a defendant alleging ineffective assistance of counsel to show deficient representation based on the record established in the proceedings below." *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

Prejudice exists if there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Estes*, 188 Wn.2d at 458. It is not enough that ineffective assistance conceivably impacted the case's outcome; the defendant must affirmatively show prejudice. *Estes*, 188 Wn.2d at 458.

A trial court may not accept a defendant's guilty plea unless it is knowing, intelligent, and voluntary. CrR 4.2(d); *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); *State v. Branch*, 129 Wn.2d 635, 642, 919 P.2d 1228 (1996). Whether a plea was knowing, intelligent and voluntary is determined from the totality of circumstances. *Branch*, 129 Wn.2d at 642. The State bears the burden of showing that a guilty plea is valid. *Wood v. Morris*, 87 Wn.2d 501, 507, 554 P.2d 1032 (1976). When a defendant completes a written plea statement and admits to reading, understanding, and signing it, a strong presumption arises that the plea was voluntary. *State v. Smith*, 134 Wn.2d 849, 852, 953 P.2d 810 (1998). And where, as here, the trial court has inquired into the voluntariness of the plea on the record, the presumption of voluntariness is nearly irrefutable. *State v. Davis*, 125 Wn. App. 59, 68, 104 P.3d 11 (2004).

Effective assistance of counsel in a plea bargaining context requires that counsel "'actually and substantially [assist] his client in deciding whether to plead guilty.'" *James*, 48 Wn. App. at 362 (internal quotation marks omitted) (quoting *State v. Osborne*, 102 Wn.2d 87, 99, 684 P.2d 683 (1984)). Representation must include a discussion of the strengths and weaknesses of a defendant's case so that the defendant knows what to expect and can make an informed judgment whether or not to plead guilty. *State v. Edwards*, 171 Wn. App. 379, 394, 294 P.3d 708 (2012). "Counsel must . . . 'reasonably evaluate the evidence.'" *Edwards*, 171 Wn. App. at 394 (quoting *State v. A.N.J.*, 168 Wn.2d 91, 111, 225 P.3d 956 (2010)).

In this case, the thrust of Waymoth's argument seems to be that even though the court did not rule on the admissibility of his proffered evidence that the victim previously made false allegations, Waymoth's lawyer failed to adequately research the issue. We disagree.

After the trial court ruled that the child victim's hearsay statements were admissible, the parties asked the court for further rulings on other subjects. In particular, Waymoth sought to introduce evidence that the victim had made prior false allegations against other people. The trial court did not rule on this motion in limine.

Following the hearing, Griffin consulted with Waymoth. Griffin discussed with Waymoth what effect the court's ruling and failure to rule would have on the outcome of the trial. Griffin advised his client that although the court had not made a formal ruling on the prior false allegation evidence, he thought it had "telegraphed" that it would exclude the evidence. RP (Aug. 13, 2018) at 54. Griffin consulted with his client and advised him that, even if excluded, other impeachment evidence existed. In addition, the State had no physical evidence to support the victim's allegations, and Waymoth could testify and deny the allegations. Griffin advised Waymoth it was difficult to know what a jury would do. Waymoth then asked Griffin to look into a plea bargain.

After getting an offer from the State, Waymoth decided to accept it. During the plea hearing, the court allowed Waymoth to consult with his lawyer on at least three occasions. The court later took a recess to allow for further consultation.

Waymoth claims that his lawyer did not properly advise him; however, he does not provide support for this proposition. Waymoth seems to argue that his lawyer should have explored other options to allow the admission of the victim's prior false allegations. First, because the court never ruled on the admission, we cannot say that Griffin acted deficiently. Second, Waymoth has failed to show that his legal theories for admission of this evidence would have been successful.[1] Griffin

---

[1] We are mindful that in *State v. Lee*, 188 Wn.2d 473, 396 P.3d 316 (2017), the court concluded that no violation of the defendant's right to present a defense occurred when the defendant could not ask the victim if a prior false accusation to the police about another person involved rape. Therefore, a court may properly exercise its discretion in excluding this evidence, regardless of the legal theory argued.

properly advised his client on the admission of the prior false allegation evidence. Griffin also properly advised his client that he did not know what a jury would do, either with or without the evidence. We conclude that Griffin's conduct was not deficient.

Even though we need not address the prejudice prong, we note that Waymoth's argument on this issue is factually incorrect. Waymoth argues that during the plea hearing his "hands were tied" and that his plea was not made in a voluntary manner. Br. of Appellant at 24. However, this statement occurred before the court accepted Waymoth's plea of guilty and before the court took a recess to allow Waymoth time to consult with his lawyer. After the recess, Waymoth clearly stated that his attorney answered all of his questions. The court then continued the plea colloquy and found that Waymoth entered his pleas voluntarily, knowingly, and intelligently. Waymoth has not shown any prejudice.

We reject any claim that Waymoth received ineffective assistance of counsel. The court did not abuse its discretion in denying Waymoth's motion to withdraw his guilty plea.

II.    LFOs

Waymoth argues that the court should strike the interest accrual provision on his judgment and sentence. The State agrees that no interest should accrue but does not believe an order is needed. We agree with both parties that the interest accrual provision in the judgment and sentence pertaining to non-restitution LFOs should be stricken. In an abundance of caution, we remand to the court to enter an order striking these provisions.

We affirm the conviction but remand for the court to strike the interest accrual provision of the judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Worswick, J.

_____
Lee, C.J.