FILED
12/21/2020
Court of Appeals
Division I
State of Washington

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

THE STATE OF WASHINGTON,

Respondent,

v.

CHRISTOPHER MICHAEL BANKS,

Appellant.

No. 79905-3-I

DIVISION ONE

UNPUBLISHED OPINION

APPELWICK, J. — Banks appeals his conviction for failure to register as a sex offender. He argues that the trial court erred in rejecting his argument that his predicate conviction for rape of a child was constitutionally invalid because he received ineffective assistance of counsel. We affirm.

FACTS

On June 19, 2018, the State charged Christopher Banks with failure to register as a sex offender. The duty to register arises from Banks's 2008 conviction for third degree rape of a child. Banks moved to dismiss the case on the basis that that conviction was constitutionally invalid, because he received ineffective assistance of counsel.

In support of the motion, his attorney declared that Banks had spontaneously revealed during a 2016 psychological evaluation that his duty to register arose from a case "where a girl had lied about her age." He attached a

Citations and pin cites are based on the Westlaw online version of the cited material.

declaration from Joshua Hicks, the social worker who conducted the evaluation that confirmed Bank's statement.

Banks's attorney declared that Banks told him that the victim in his underlying case lied to him and others about her age. Banks told his attorney that both the victim and his cousin, who was dating the victim when Banks met her, told him that the victim was over 16. Banks's attorney further declared that he conducted an investigation of the claims by reviewing the police report and probable cause certification. Banks's attorney claims that this statement is corroborated by the police report in the case. However, he did not attach the police report, though he claims to have reviewed it. Instead, he attached the determination of probable cause.

Banks's attorney further declared that Banks told him he had shared this version of events with his attorney at the time. Banks told his current attorney that his previous attorney never informed him the victim's affirmative misrepresentation of her age could be a defense to a charge of rape of a child. He told his current attorney that, at the time of his underlying conviction that rape of a child, he understood that it was essentially a strict liability crime. He said that his previous attorney advised him to plead guilty to the charge. But, had he been informed of the potential defense regarding the victim's supposed misrepresentation of her age, he would have insisted on trial, even though he recognized there would have been conflicting evidence about those facts. He pleaded guilty to the underlying charge.

The trial court accepted the declarations of counsel and Hicks as an offer of proof. However, it ruled that "even if [Banks] and Mr. Hicks were to testify credibly regarding every fact contained in those declarations, [Banks] still has not met his initial burden of offering a colorable, fact-specific argument supporting the claim of in-effective [sic] assistance of counsel in the prior conviction." The trial court in this current case denied Bank's motion to dismiss.

The trial court subsequently found Banks guilty of failure to register as a sex offender.

Banks appeals.

## DISCUSSION

Banks argues that the trial court erred in denying his motion to dismiss based on the constitutional invalidity of his underlying conviction for rape of a child. The State argues that statutory enactments have abrogated Banks's ability to bring this type of challenge. In the alternative, it argues that Banks has not met his burden to present a "colorable fact-specific, argument" that his underlying conviction is constitutionally invalid.

I.  <u>Ability to Challenge Predicate Conviction</u>

RCW 9A.44.130(1)(a) requires any person "convicted of any sex or kidnapping offense" to register with the county sheriff. Our Supreme Court has interpreted the word "convicted" in a similar statute to require a constitutionally valid predicate conviction:

> [RCW 9.41.040] provides that no person who has been "convicted" of a crime of violence shall possess a firearm. As all parties admit, this statute may be interpreted in two alternative ways. The first is

> the State's, i.e., that any outstanding felony conviction may be used as a predicate conviction. The second alternative is that only a <u>constitutionally valid</u> outstanding conviction may serve as the predicate conviction. Where two possible constructions are permissible, the rule of lenity requires us to construe the statute strictly against the State and in favor of the accused. We therefore interpret RCW 9.41.040 as requiring a constitutionally valid conviction.

<u>State v. Gore</u>, 101 Wn.2d 481, 485-86, 681 P.2d 227 (1984) (footnote and citation omitted). This interpretation has since been interpreted to allow a person accused of a violation of the Uniform Firearms Act, chapter 9.41 RCW, to attack the constitutional validity of an underlying predicate conviction. <u>State v. Summers</u>, 120 Wn.2d 801, 809-12, 846 P.2d 490 (1993). Such a challenge is not a collateral attack on the prior conviction. <u>Id.</u> at 810. It is "'not an attempt to invalidate the previous judgment, as would be the case in a direct challenge or personal restraint petition." <u>Id.</u> (quoting <u>State v. Swindell</u>, 93 Wn.2d 192, 196, 607 P.2d 852 (1980)). Rather, "[the] defendant seeks to foreclose the <u>prior</u> conviction's <u>present</u> use to establish an essential element of [the statute]." <u>Id.</u> (quoting <u>Swindell</u>, 93 Wn.2d at 196.).

Banks argues that the Supreme Court's logic is applicable to his challenge to the constitutional validity of his predicate conviction. The State argues that the clear language of RCW 9A.44.130 requires only the fact of a previous conviction, rather than a constitutionally valid conviction. The State does not argue that the language of RCW 9A.44.130 relating to the predicate conviction differs in any material way from the RCW 9.41.040. It instead relies on <u>State v. Lewis</u>, 445 U.S. 55, 60-61, 100 S. Ct. 915, 63 L. Ed. 2d 198 (1980), to support its argument that the mere fact of an underlying conviction should be sufficient. There, the United

4

States Supreme Court interpreted the federal statute prohibiting felons from possessing firearms as requiring only the fact of a predicate conviction. Id. But, our Supreme Court explicitly declined to extend the Lewis court's interpretation to RCW 9.41.040 in Gore. 101 Wn.2d at 486-87. The statutory provision requiring sex offenders to register was enacted after Lewis and Gore. LAWS OF 1990, ch. 3, §§ 402-06.

The State also argues that statutory amendments have abrogated older cases allowing nonfacial challenges to predicate offenses. It points to RCW 10.73.090 and RCW 10.73.100. It argues that these enactments substantially limit a defendant's ability to challenge a final conviction. Those statutes impose a one year time limitation for collateral attacks on final convictions, with some exceptions. RCW 10.73.090; RCW 10.73.100. The State points out that our Supreme Court applied theses statutes to an ineffective assistance of counsel claim in In re Personal Restraint of Haghighi, 178 Wn.2d 435, 445, 449, 309 P.3d 459 (2013). And, our Supreme Court upheld the constitutionality of the time limitations in these statutes in In re Personal Restraint of Runyan, 121 Wn.2d 432, 444, 853 P.2d 424 (1993).

But, the plain language of these statutes refers only to collateral attacks on prior convictions. RCW 10.73.090(1); RCW 10.73.100. In Summers, our Supreme Court explicitly ruled that a challenge to the constitutionality of an underlying conviction that is an essential element of the current charge is not a collateral attack. Summers, 120 Wn.2d at 810. And, the cases the State cites both deal with personal restraint petitions. Haghighi, 178 Wn.2d at 440; Runyan, 121 Wn.2d

5

at 436-37. The <u>Summers</u> court specifically distinguished a challenge to the constitutional validity of an underlying conviction that is an essential element of the current crime charged from a challenge made through a personal restraint petitions. <u>Summers</u>, 120 Wn.2d at 810. RCW 10.73.090(2) explicitly includes personal restraint petitions in its definition of "collateral attack." It says nothing about the type of challenge made here. RCW 10.73.090(2). The State concedes that <u>Summers</u> was decided after these statutes were enacted. Yet, <u>Summers</u> makes no mention of these enactments, or their one year limitation on collateral attacks, when discussing the ability to challenge predicate convictions. <u>Summers</u>, 120 Wn.2d 809-13.

We conclude that Banks may raise a challenge to the constitutionality of his predicate conviction because the conviction is an essential element of the current crime charged.

II. <u>Banks's Factual Allegations</u>

A defendant who wishes to challenge the constitutional validity of their underlying conviction bears the initial burden of offering a "colorable, fact-specific argument" that the conviction was not constitutionally valid. <u>Summers</u>, 120 Wn.2d at 812. If the defendant is able to meet this burden, then the State must prove beyond a reasonable doubt that the predicate conviction is constitutionally sound. <u>Id.</u> Banks argued that his predicate conviction was constitutionally invalid because he received ineffective assistance of counsel. The trial court found that he had not met his burden to present a "colorable, fact-specific argument" that his underlying conviction was constitutionally invalid. Banks argues this was an error.

6

Banks has not met his burden here, because he has not presented sufficient evidence for his ineffective assistance of counsel claim. Banks's current counsel did not begin representing him until 2018, and had no personal knowledge of the earlier plea. Banks submitted a declaration from his current counsel indicating that Banks told him that the victim in his predicate conviction lied about her age, Banks had told his attorney in that case about the lie, and the attorney did not advise him of the affirmative defense that arises from such a misrepresentation. Banks also submitted a declaration from Joshua Hicks indicating that Banks had revealed to him during a psychological evaluation in 2016 that the victim in his predicate conviction "lied about her age". Banks has submitted nothing other than his own bare assertion to his current attorney eight years after the fact that indicates that he made these claims at the time of his predicate conviction. He did not submit the police report from the predicate conviction, despite his attorney claiming to have reviewed it. He did not submit a declaration from counsel in his predicate conviction. He did not submit court records from the predicate conviction indicating he ever raised the issue of the victim misrepresenting her age at the time. The only document from the underlying conviction that he submitted is the determination of probable cause that does not indicate that anyone ever accused the victim of lying about her age.

Banks's submissions do not establish that he claimed at the time of his predicate conviction that the victim lied about her age. They do not establish that he relayed that fact to police or his attorney at the time. And, they do not establish that his attorney failed to advise him of affirmative defenses to the crime.

7

The trial court properly found that Banks had not presented a colorable fact specific argument that his underlying conviction was not constitutionally valid.[1] The denial of Bank's motion to dismiss was proper.

We affirm.

_Appelwick, J._

WE CONCUR:

_Dwyer, J._                    _Leach, J._

---

[1] Because we find that Banks has not presented sufficient evidence that he told the attorney in his predicate conviction that the victim lied about her age, we need not address whether these events would constitute ineffective assistance of counsel if true.