# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No. 83076-7-I |
| SHAQUILLE CAPONE JONES, | DIVISION ONE |
| Petitioner. | UNPUBLISHED OPINION |

PER CURIAM. — Shaquille Jones challenges the judgment and sentence imposed following his jury conviction for three counts of assault in the first degree with a firearm (counts 1-3), unlawful possession of a firearm in the second degree (count 4), possessing a stolen firearm (count 5), and tampering with a witness (count 6) in Snohomish County Superior Court No. 15-1-01621-5. Among other claims, Jones argues that his conviction for unlawful possession of a firearm, which was based on the predicate offense of possession of a controlled substance, must be vacated under State v. Blake, in which our Supreme Court held that Washington's strict liability drug possession statute, RCW 69.50.4013(1), is unconstitutional and therefore void. 197 Wn.2d 170, 481 P.3d 521 (2021).

The State concedes that Jones's petition is timely and that his conviction for unlawful possession of a firearm must be vacated under Blake. The constitutional validity of the underlying conviction is an element of the crime of unlawful possession of a firearm. State v. Swindell, 93 Wn.2d 192, 197, 607 P.2d 852

No. 83076-7-I/2

(1980). A conviction for that crime may not stand if the underlying offense has been subsequently found unconstitutional. State v. Gore, 101 Wn.2d 481, 487, 681 P.2d 227 (1984). Because the statute criminalizing unlawful possession of a controlled substance was held constitutionally invalid in Blake, it cannot serve as a predicate offense for unlawful possession of a firearm in the second degree.

The State additionally concedes that Jones is entitled to resentencing on his remaining convictions with a revised offender score. See State v. Ammons, 105 Wn.2d 175, 187-88, 713 P.2d 719 (1986) ("[A] prior conviction [that] has been previously determined to have been unconstitutionally obtained or which is constitutionally invalid on its face may not be considered" in a defendant's offender score). Jones's offender scores for counts 1, 5, and 6 included one point for the unlawful possession of firearm conviction. Jones is entitled to be resentenced on those counts accordingly.

We accept the State's concessions, grant Jones's petition, and remand for resentencing consistent with this opinion.[1]

_Coburn, J._

WE CONCUR:

_Andrus, C.J._          _Dwyer, J._

---

[1] Given that Jones will be resentenced on a reduced offender score, we need not address Jones's remaining challenges to his sentence.

- 2 -