[No. 49856–3.   En Banc.   April 26, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHNIE LEE GORE, *Petitioner.*

*Paris K. Kallas* of *Washington Appellate Defender Association,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Barbara Corey–Boulet, Deputy,* for respondent.

WILLIAMS, C.J.—The issue in this case is whether the petitioner's conviction for being a felon in possession of a firearm must be vacated when his predicate felony conviction has been reversed for insufficient evidence. We hold that it must be so vacated, and reverse the Court of Appeals.

Petitioner Johnie Lee Gore was convicted of second degree burglary on November 2, 1979. On April 16, 1980, while his burglary conviction was on appeal, Gore was arrested for allegedly pointing a pistol at some people in a parking lot. He was charged with violating RCW 9.41.040, which prohibits one who has been "convicted" of a crime of violence from possessing a firearm.[1]

---

[1]RCW 9.41.040 provided, at all times pertinent to this case:

No person who has been convicted in this state or elsewhere of a crime of violence, shall own a pistol or have one in his possession or under his control. Such person upon being convicted of a violation of this section shall be guilty of a felony and punished by imprisonment in the state penitentiary for not less than one year nor more than ten years.

Second degree burglary is included within the definition of "crime of violence". RCW 9.41.010.

In 1983, RCW 9.41.040 was amended. The new statute defines "convicted" as follows:

(3) As used in this section, a person has been "convicted" at such time as a plea of guilty has been accepted or a verdict of guilty has been filed, notwithstanding the pendency of any future proceedings including but not limited to sentencing, post–trial motions, and appeals. A person shall not be precluded

On June 19, 1980, Gore stipulated to facts sufficient to enter a finding of guilty on the weapon charge, but expressly preserved his right to appeal should his burglary conviction be reversed. The trial court entered a judgment of guilty. On May 4, 1981, the Court of Appeals reversed Gore's burglary conviction for lack of sufficient evidence. *State v. Gore*, 29 Wn. App. 1002 (1981) (unpublished).

Between Gore's burglary conviction and his April 16 arrest for weapon possession, this court decided *State v. Swindell*, 93 Wn.2d 192, 607 P.2d 852 (1980), which holds that a constitutionally valid conviction is a necessary element that the State must prove under RCW 9.41.040. Eight days before *Swindell* was decided, the United States Supreme Court decided *Lewis v. United States*, 445 U.S. 55, 63 L. Ed. 2d 198, 100 S. Ct. 915 (1980). In *Lewis* the Court held that under the federal firearms statute, the predicate felony conviction need *not* be constitutionally valid.

Following our denial of the State's motion for reconsideration of *Swindell*, Gore appealed his firearm conviction, arguing that under *Swindell* the Court of Appeals was required to reverse his conviction. The State responded that *Swindell* was inconsistent with *Lewis*, and urged the Court of Appeals to follow *Lewis*. The court agreed with the State and affirmed Gore's conviction. *State v. Gore*, 35 Wn. App. 62, 665 P.2d 428 (1983). We granted review.

## I

The starting point in our analysis is *Burgett v. Texas*, 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967). In *Burgett* the defendant was charged with assault. The prosecution attempted to bring the defendant within the Texas

---

from possession if the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person convicted or the conviction has been the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence.

Laws of 1983, ch. 232, § 2.

recidivist statute by introducing four prior uncounseled convictions, which were void under *Gideon v. Wainwright,* 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A.L.R.2d 733 (1963). The Supreme Court held that introduction of these void convictions was "inherently prejudicial" and could not be used to "support guilt or enhance punishment for another offense . . .". *Burgett,* at 115. The Court further stated that when uncounseled convictions are used in a subsequent prosecution "the accused in effect suffers anew" the original constitutional violation. *Burgett,* at 115. The Court has since applied the *Burgett* reasoning in other contexts, holding that an uncounseled felony conviction may not be used to enhance sentencing or to impeach the defendant's credibility. *United States v. Tucker,* 404 U.S. 443, 30 L. Ed. 2d 592, 92 S. Ct. 589 (1972); *Loper v. Beto,* 405 U.S. 473, 31 L. Ed. 2d 374, 92 S. Ct. 1014 (1972).

This court relied on *Burgett* by analogy in *State v. Holsworth,* 93 Wn.2d 148, 607 P.2d 845 (1980). In *Holsworth* several defendants in habitual criminal prosecutions alleged that their prior convictions, upon which the State relied to prove the defendants' habitual criminal status, were based on guilty pleas which were invalid under *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969). We held that when the defendant challenges the use of such a conviction, the State must prove beyond a reasonable doubt that the guilty plea was made knowingly and voluntarily. We reasoned that a conviction based on an invalid guilty plea was a "defect of constitutional magnitude" and that use of such a conviction in a subsequent prosecution "renewed" the constitutional violation. *Holsworth,* at 157.

Finally, we relied on *Burgett* and *Holsworth* in *Swindell.* There we held that the State may not use a constitutionally invalid felony conviction to prove that the defendant was a felon in possession of a weapon under RCW 9.41.040. As noted above, the Court of Appeals in this case chose not to follow *Swindell,* and instead found that "public policy concerns" mandated adoption of the United States Supreme

Court's reasoning in *Lewis,* at 68. *State v. Gore, supra* at 68.

## II

Petitioner Gore argues that because his burglary conviction was unconstitutionally obtained, under *Swindell* he cannot be considered "convicted" for the purposes of RCW 9.41.040. The State responds that *Swindell* was wrongly decided and urges us to follow *Lewis*. We find the Supreme Court's reasoning in *Lewis* unpersuasive, and hereby reaffirm our decision in *Swindell.*

As noted above, the Supreme Court in *Lewis* held that the defendant could be considered "convicted" for purposes of the federal firearms act, even though all of his prior convictions were void under *Gideon.* The Court reasoned that the statute, 18 U.S.C. app. § 1202(a)(1) (1970), unambiguously prohibited a "convicted" person from possessing a gun, regardless of whether the predicate conviction "ultimately might turn out to be invalid for any reason." *Lewis,* at 62. This interpretation was also supported by the legislative history of the statute, according to the Court: "There is no indication of any intent to require the Government to prove the validity of the predicate conviction." *Lewis,* at 63.

█ Unlike the Supreme Court, we do not find the language of the Washington statute, RCW 9.41.040, to be crystal clear. The statute provides that no person who has been "convicted" of a crime of violence shall possess a firearm. As all parties admit, this statute may be interpreted in two alternative ways. The first is the State's, *i.e.,* that any outstanding felony conviction may be used as the predicate conviction. The second alternative is that only a *constitutionally valid* outstanding conviction may serve as the predicate conviction.[2] Where two possible constructions are

---

[2]A third alternative is that a person would be precluded from firearm possession even if his or her prior conviction has been reversed on appeal and is thus no longer an outstanding conviction at the time of the firearm possession. Even the Supreme Court in *Lewis* rejected this interpretation, although it did concede that this would be a permissible construction of the statute. *Lewis v. United States, supra* at 61 n.5.

permissible, the rule of lenity requires us to construe the statute strictly against the State in favor of the accused. *State v. Sass,* 94 Wn.2d 721, 620 P.2d 79 (1980); *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978); *Seattle v. Green,* 51 Wn.2d 871, 322 P.2d 842 (1958); *see also Lewis v. United States, supra* at 69 (Brennan, J., dissenting) ("Because either interpretation fairly comports with the statutory language, surely the principle of lenity requires us to resolve any doubts against the harsher alternative and to read the statute to prohibit the possession of firearms only by those who have been *constitutionally* convicted of a felony."). We therefore interpret RCW 9.41.040 as requiring a constitutionally valid predicate conviction.[3] *State v. Swindell, supra* at 197.

The Court of Appeals apparently did not feel bound by our decision in *State v. Swindell,* 93 Wn.2d 192, 607 P.2d 852 (1980). It perceived a "conflict" between *Swindell* and *Lewis,* and chose to resolve it in favor of *Lewis. State v.*

---

[3]In addition to the rule of lenity, this holding is bolstered by our conclusion in *State v. Holsworth, supra,* that use of a constitutionally invalid conviction in a subsequent prosecution is a denial of due process. The Supreme Court in *Lewis,* however, held that its interpretation of the federal firearm statute was consistent with due process and was not proscribed by *Burgett, Tucker,* and *Loper*:

> In each of those cases, this Court found that the subsequent conviction or sentence violated the Sixth Amendment because it depended upon the reliability of a past uncounseled conviction. The federal gun laws, however, focus not on reliability, but on the mere fact of conviction, or even indictment, in order to keep firearms away from potentially dangerous persons. Congress' judgment that a convicted felon, even one whose conviction was allegedly uncounseled, is among the class of persons who should be disabled from dealing in or possessing firearms because of potential dangerousness is rational. Enforcement of that essentially civil disability through a criminal sanction does not "support guilt or enhance punishment," see *Burgett,* 389 U. S., at 115, on the basis of a conviction that is unreliable when one considers Congress' broad purpose.

(Footnote omitted.) *Lewis v. United States,* 445 U.S. 55, 67, 63 L. Ed. 2d 198, 100 S. Ct. 915 (1980). We need not decide whether we would reach a similar result under the due process clause of the Washington Constitution, article 1, section 22 (amendment 10). We note, however, that use of the void conviction in a subsequent prosecution certainly seems to "renew" the original constitutional violation; without this conviction, the defendant could not even be charged with a violation of RCW 9.41.040.

*Gore,* 35 Wn. App. 62, 66, 665 P.2d 428 (1983). The court did not state, however, that *Lewis* controlled on a federal constitutional question. Rather, it said that the *Lewis* Court's interpretation of the federal statute expressed the better public policy concerns, and that RCW 9.41.040 should therefore be interpreted in a similar manner.

██ In failing to follow directly controlling authority of this court, the Court of Appeals erred. *Swindell* is based on a state statute, and *Lewis* is based on a federal statute. While the Supreme Court's interpretation of a similar federal statute is persuasive authority, it is not controlling in our interpretation of a state statute. *Weeks v. Chief of the Washington State Patrol,* 96 Wn.2d 893, 897, 639 P.2d 732 (1982); *Young v. Seattle,* 25 Wn.2d 888, 894, 172 P.2d 222 (1946). Further, once this court has decided an issue of state law, that interpretation is binding on all lower courts until it is overruled by this court. *Godefroy v. Reilly,* 146 Wash. 257, 262 P. 639 (1928); *cf. Hutto v. Davis,* 454 U.S. 370, 375, 70 L. Ed. 2d 556, 102 S. Ct. 703 (1982) ("unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts . . ."). The Court of Appeals was therefore without authority to adopt *Lewis* based on what it perceived to be the preferable policy.

### III

We now turn to the specific prosecution in this case. At the time of petitioner Gore's arrest, his burglary conviction was on appeal. The State relied on this conviction in its prosecution for Gore's alleged violation of RCW 9.41.040. Gore argues that because his burglary conviction was reversed on appeal for insufficient evidence, his subsequent conviction, being predicated on the burglary conviction, must also be reversed. We agree.

An analogous case is *State v. White,* 31 Wn. App. 655, 644 P.2d 693 (1982). *White* was a consolidated appeal from two criminal convictions. The defendant in *White* was first convicted of perjury in the first degree. He was later

charged with several counts of forgery and theft. During the course of the jury trial on these latter charges, the defendant testified in his own defense. On cross examination he admitted that he had been convicted of perjury. The jury found the defendant guilty of one count of second degree theft.

In its decision in *White,* the Court of Appeals first reversed the defendant's perjury conviction because the evidence of guilt was insufficient. The court then also reversed the theft conviction because the invalid perjury conviction had been used to impeach the defendant. The court found indistinguishable *Loper v. Beto,* 405 U.S. 473, 31 L. Ed. 2d 374, 92 S. Ct. 1014 (1972), which involved impeachment by a conviction subsequently reversed on Sixth Amendment grounds. The court stated:

> The case before us falls into the same category as *Loper.* White's perjury conviction has been reversed because of insufficiency of the evidence, a constitutional defect of the highest magnitude. White has the right, under the due process clause of the Fourteenth Amendment, to be convicted only on evidence sufficient beyond a reasonable doubt. *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980); *Jackson v. Virginia,* 443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). Violation of this right subverts the fact–finding process, and a conviction obtained on insufficient evidence should have no probative value whatsoever for purposes of impeachment in a subsequent trial for another offense.

*White,* at 666. Similarly, the petitioner here should not be made, in a subsequent prosecution, to suffer the consequences of a conviction based on insufficient evidence. We therefore agree with petitioner that his conviction for violating RCW 9.41.040, being predicated on an invalid conviction, must be reversed.

■ Finally, there is another independent reason why petitioner's conviction must be reversed. *Swindell* was clearly the law of this State at the time of petitioner's arrest. Even if we were to adopt the State's argument that the predicate felony need not be constitutionally valid, this new rule could not be applied to petitioner. Several federal courts, including the United States Supreme Court, have held that where a court overrules a prior decision so as to enlarge the scope of criminal liability, the new rule must be applied prospectively only. *United States v. Goodheim,* 651 F.2d 1294 (9th Cir. 1981); *United States v. Potts,* 528 F.2d 883 (9th Cir. 1975) (en banc). This due process principle is derived by analogy from the ex post facto clause of the federal constitution. As the Supreme Court stated in a similar context:

> Indeed, an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an *ex post facto* law, such as Art. I, § 10, of the Constitution forbids. . . . If a state legislature is barred by the *Ex Post Facto* Clause from passing such a law, it must follow that a State Supreme Court is barred by the Due Process Clause from achieving precisely the same result by judicial construction. Cf. *Smith* v. *Cahoon,* 283 U. S. 553, 565[, 75 L. Ed. 1264, 51 S. Ct. 582 (1931)]. The fundamental principle that "the required criminal law must have existed when the conduct in issue occurred," Hall, General Principles of Criminal Law (2d ed. 1960), at 58–59, must apply to bar retroactive criminal prohibitions emanating from courts as well as from legislatures. If a judicial construction of a criminal statute is "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue," it must not be given retroactive effect.

(Citations and footnote omitted.) *Bouie v. Columbia,* 378 U.S. 347, 353–54, 12 L. Ed. 2d 894, 84 S. Ct. 1697 (1964).

490

For the foregoing reasons, petitioner's conviction is reversed.

ROSELLINI, UTTER, BRACHTENBACH, DOLLIVER, DORE, and PEARSON, JJ., and BEVER and CUNNINGHAM, JJ. Pro Tem., concur.