# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 72019-8-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STETSON G. TEDDER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: November 9, 2015 |
| | ) | |

VERELLEN, J. — Stetson Tedder appeals his convictions for assault of a child in the second degree and unlawful imprisonment, arguing that the trial court's reasonable doubt instruction was constitutionally deficient. We affirm.

On January 12, 2013, four-year-old M.T. spent the night at the home of her paternal grandmother, Corinne Smith. The following morning, when Smith was giving M.T. a bath, Smith noticed red welts all over M.T.'s body that "looked like chicken pox."[1] M.T. told Smith that Tedder, her stepfather, "had shot her with the gun."[2] Smith took M.T. to the home of Smith's sister, Regina Hinton, and told M.T. to show Hinton the "chicken pox."[3] M.T. told Hinton "they weren't chicken pox" and that Tedder "got mad and shot her with the BB gun" because she woke him up.[4]

---

[1] Report of Proceedings (RP) (Mar. 25, 2014) at 96.

[2] Id. at 97.

[3] Id. at 99.

[4] Id. at 99, 115-16.

Smith took M.T. to the hospital where M.T. told a forensic nurse examiner that "she got shot by her daddy with a BB gun."[5] M.T. also disclosed that Tedder had tied her wrists and her ankles with zip ties. The nurse observed abrasions on M.T.'s wrists and ankles consistent with being tied with zip ties. M.T subsequently told two separate Child Protective Services social workers and a child interview specialist that Tedder would shoot her with a BB gun or tie her up with zip ties when she got in trouble. A search of Tedder's home revealed plastic zip ties and an Airsoft rifle that shot plastic BBs.

The State charged Tedder with one count of assault of a child in the second degree and one count of unlawful imprisonment. The State alleged that each charge involved two aggravating factors: domestic violence and deliberate cruelty.

At trial, the court instructed the jury on reasonable doubt using the standard *Washington Pattern Jury Instruction* (WPIC) 4.01:

> The defendant has entered a plea of not guilty. That plea puts in issue every element of the crime charged. The State is the plaintiff and has the burden of proving each element of each crime beyond a reasonable doubt. The defendant has no burden of proving that a reasonable doubt exists as to these elements.
>
> A defendant is presumed innocent. This presumption continues throughout the entire trial unless during your deliberations you find it has been overcome by the evidence beyond a reasonable doubt.
>
> A reasonable doubt is one *for which a reason exists* and may arise from the evidence or lack of evidence. It is such a doubt as would exist in the mind of a reasonable person after fully, fairly, and carefully considering all of the evidence or lack of evidence. If, from such consideration, you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt.[6]

---

[5] RP (Mar. 26, 2014) at 41.

[6] 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 4.01, at 85 (3d ed. 2008) (emphasis added).

A jury found Tedder guilty of assault of a child in the second degree and unlawful imprisonment. The jury also found by special verdict that both crimes involved domestic violence. Tedder appeals.

Tedder claims that that the instruction defining reasonable doubt as a doubt "for which a reason exists" was constitutionally deficient because it required the jury to articulate a reason for having a reasonable doubt. Relying on State v. Emery, Tedder also argues that the instruction resembles the improper "fill in the blank" arguments that may constitute prosecutorial misconduct.[7]

Tedder concedes that the trial court's instruction was identical to WPIC 4.01 and that our Supreme Court has directed trial courts to use WPIC 4.01 to instruct juries on the burden of proof and the definition of reasonable doubt.[8] Our Supreme Court recently reaffirmed that WPIC 4.01 is "the correct legal instruction on reasonable doubt" and rejected any suggestion that WPIC 4.01 requires a jury to articulate a reason for having a reasonable doubt or is akin to an improper "fill in the blank" argument.[9] Our Supreme Court decisions control.[10]

Affirmed.

WE CONCUR:

_____
Spearman, C.J.

_____
Becker, J.

_____

[7] 174 Wn.2d 741, 760, 278 P.3d 653 (2012).
[8] State v. Bennett, 161 Wn.2d 303, 318, 165 P.3d 1241 (2007).
[9] State v. Kalebaugh, 183 Wn.2d 578, 586, 355 P.3d 253 (2015).
[10] State v. Gore, 101 Wn.2d 481, 486-87, 681 P.2d 227 (1984).