# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50417-1-II |
| Respondent, | |
| v. | |
| KATHERINE FRANCES WINFREY, AKA KATHRINE FRANCIS WINFREY NATASHA MONIQUE CALDWELL SHAYLA DENEE COLLINS, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Katherine F. Winfrey appeals her conviction for second degree theft, arguing that the trial court erred by overruling her objection to the scope of her cross-examination by the State and including the "abiding belief" language in its jury instructions. Because the trial court did not abuse its discretion in allowing the State's cross-examination and because our Supreme Court has explicitly approved the "abiding belief" language, the trial court did not err. Accordingly, we affirm.

## FACTS

The State charged Winfrey with second degree theft for taking approximately $1,400 of textbooks from a community college bookstore.

At Winfrey's jury trial, the State presented a surveillance video recording of the theft. The video showed Winfrey place textbooks into her bags. The footage then shows Winfrey walking past the cash registers and out of the store without paying for any of the books. The total value of the books was $1,393.40.

Winfrey testified at trial. During her direct examination, Winfrey testified that she gave the bags containing the books to her friend after they walked out of the store but before they left the building.

The State cross-examined Winfrey about the specific books that were taken. Winfrey objected that the State's question exceeded the scope of direct examination. The trial court overruled the objection. The State continued to question Winfrey about the books and the surveillance video.

Winfrey objected to the State's proposed reasonable doubt instruction to the jury that included the "abiding belief" language from 11 *Washington Practice: Washington Pattern Jury Instructions: Criminal* 4.01, at 93 (4th ed. 2016) (WPIC). 3 Verbatim Report of Proceedings at 179. The trial court overruled Winfrey's objection and gave the State's proposed instruction, which stated,

> A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence. It is such a doubt as would exist in the mind of a reasonable person after fully, fairly, and carefully considering all of the evidence or lack of evidence. *If, from such consideration, you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt.*

Clerk's Papers at 19 (emphasis added); WPIC 4.01.

The jury found Winfrey guilty of second degree theft. The trial court imposed a standard range sentence. Winfrey appeals.

ANALYSIS

A.    CROSS-EXAMINATION

Winfrey argues that the trial court erred under ER 611(b) by overruling her objection to the State's cross-examination because the State's cross-examination exceeded the scope of her direct examination. We disagree.

We review a trial court's evidentiary rulings for an abuse of discretion. *State v. Grier*, 168 Wn. App. 635, 644, 278 P.3d 225 (2012). The trial court abuses its discretion when it exercises its discretion on untenable grounds or for untenable reasons. *Grier*, 168 Wn. App. at 644. Under ER 611(b), "[c]ross examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness." However, ER 611(b) also allows the trial court the discretion to "permit inquiry into additional matters as if on direct examination."

Here, Winfrey presents argument as to why the State's cross-examination exceeded the scope of direct examination. And Winfrey presents argument as to why the State's cross-examination did not fall within the proper scope of challenging credibility. However, the trial court has discretion under ER 611(b) to allow inquiry into additional matters as if on direct examination. Thus, the trial court did not abuse its discretion by overruling Winfrey's objection to the State's cross-examination.

B.    "ABIDING BELIEF" LANGUAGE

Winfrey argues that the trial court erred by including the "abiding belief" language in its reasonable doubt instruction to the jury. We affirm the trial court's decision to include the "abiding belief" language in the reasonable doubt instruction.

We review alleged errors of law in jury instructions de novo. *State v. Fehr*, 185 Wn. App. 505, 514, 341 P.3d 363 (2015). *State v. Pirtle* explicitly held that it is not error for the trial court to include the "abiding belief" language in the jury instruction defining reasonable doubt—WPIC 4.01. 127 Wn.2d 628, 657-58, 904 P.2d 245 (1995). In addition, our Supreme Court has instructed trial courts to use WPIC 4.01. *State v. Bennett*, 161 Wn.2d 303, 317-18, 165 P.3d 1241 (2007). "Once [the Supreme Court] has decided an issue of state law, that interpretation is binding on all lower courts until [the Supreme Court overrules] it." *State v. Gore*, 101 Wn.2d 481, 487, 681 P.2d 227 (1984). Therefore, it was not error for the trial court to include the "abiding belief" language in the jury instruction defining reasonable doubt.

Winfrey relies on *State v. Emery*, 174 Wn.2d 741, 278 P.3d 653 (2012), and *State v. Berube*, 171 Wn. App. 103, 286 P.3d 402 (2012), to support her argument that the "abiding belief" language in WPIC 4.01 is improper. However, *Emery* and *Berube* are prosecutorial misconduct cases in which the prosecutor made improper arguments regarding the jury's role in a criminal trial. 174 Wn.2d at 759-60; 171 Wn. App. at 120-22. Winfrey does not argue that the prosecutor in this case actually relied on the "abiding belief" language in WPIC 4.01 to make improper argument such as the arguments in *Emery* and *Berube*. Moreover, *Emery* and *Berube* addressed improper arguments regarding the "search for the truth" language; they did not address the "abiding belief" language. 174 Wn.2d at 758; 171 Wn. App. at 120. Therefore, *Emery* and *Berube* have no relevance for determining whether the trial court erred in including the "abiding belief" language from WPIC 4.01 in its jury instructions.

No. 50417-1-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

LEE, J.

We concur:

BJORGEN, J.

MAXA, C.J.