IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 78782-9-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RYAN WILLIAM MONTANEZ, | ) | |
| | ) | |
| Appellant. | ) | FILED: December 23, 2019 |

PER CURIAM — Ryan Montanez appeals the sentence imposed following his guilty plea to second degree assault with a firearm. Montanez contends the court erred in concluding it did not have discretion to shorten the mandatory firearm 36-month enhancement by imposing an exceptional sentence based on mitigating factors of youth and upbringing. He asks this court to remand for the sentencing court to exercise discretion. We affirm.

On May 29, 2018, Montanez pleaded guilty to second degree assault with a firearm. In the plea agreement, he agreed to a sentence recommendation of 45 months confinement -- 9 months for second degree assault plus 36 months for a mandatory firearm enhancement.

At sentencing, the court asked whether it had discretion to impose an exceptional sentence on the firearm enhancement based on mitigating factors such as Montanez's age and upbringing. The prosecutor told the court it only had such discretion in juvenile

cases. Defense counsel was not sure. The court concluded it did not have discretion and imposed the 45-month sentence recommended by the parties. Montanez appeals.

## DECISION

Montanez contends the trial court erred in concluding it lacked discretion to reduce the mandatory firearm enhancement by imposing an exceptional sentence. Citing RCW 9.94A.533(3) and State v. Brown, 139 Wn.2d 20, 29, 983 P.2d 608 (1999), overruled on other grounds by State v. Houston-Sconiers, 188 Wn.2d 1, 391 P.3d 409 (2017), the State maintains the court correctly ruled it lacked such discretion because Montanez was 18 years old when he committed the offense.[1] We agree with the State.[2]

RCW 9.94A.533 (3) (b) imposes a three-year sentence enhancement for all class B felonies, including Montanez's, committed with a firearm. RCW 9.94A.533 (3) (e) makes the enhancement "mandatory" and requires its imposition "notwithstanding any other provision of law [.]" Washington courts have recognized no exception to these statutes in adult criminal prosecutions. In State v. Brown, the Washington Supreme Court held "judicial discretion to impose an exceptional sentence does not extend to a deadly weapon enhancement in light of the absolute language" declaring such enhancements mandatory notwithstanding any other provision of law. Brown, 139 Wn.2d at 29.

---

[1] The State also argues that Montanez invited any error because he recommended the 45-month sentence that the court imposed. But as Montanez notes, the assigned error does not involve the agreement between Montanez and the State, which was not binding on the court, or an erroneous statement of the law by defense counsel. Rather, it involves *the trial court's* alleged failure to recognize its alleged discretion. In any event, we need not decide the invited error question because we conclude there was no error.

[2] We review questions of law de novo. State v. Reeves, 184 Wn. App. 154, 158, 336 P.3d105 (2014).

Contrary to Montanez's assertions, State v. O'Dell, 183 Wn.2d 680, 358 P.3d 359 (2015) and State v. Houston-Sconiers, 188 Wn.2d 1, 391 P.3d 409 (2017) did not alter Brown's holding with respect to adult offenders.

In O'Dell, the defendant committed his offense ten days after his 18th birthday. Recognizing recent advances in the scientific understanding of adolescent cognitive and emotional development, the court wrote, "we now know that age may well mitigate a defendant's culpability, even if that defendant is over the age of 18." O'Dell, 183 Wn.2d at 695. The court remanded for a new sentencing hearing to consider whether O'Dell's youth diminished his culpability and justified an exceptional sentence. O'Dell, 183 Wn.2d at 683. O'Dell did not, however, address a downward departure from *mandatory* sentencing enhancements in adult cases.

In Houston-Sconiers, the Court extended a trial court's discretion to consider youth as a mitigating factor to mandatory sentence enhancements:

> Because "children are different" under the Eighth Amendment and hence "criminal procedure laws" must take the defendants' youthfulness into account, sentencing courts must have absolute discretion to depart as far as they want below otherwise applicable SRA ranges and/or sentencing enhancements when sentencing juveniles in adult court, regardless of how the juvenile got there.

188 Wn.2d at 9. Houston-Sconiers thus modified Brown, but only with respect to juvenile offenders. The Court did not modify Brown's holding with respect to adults.

Because neither O'Dell nor Houston-Sconiers authorizes enhancement reduction in adult cases, and because this court is bound by Brown, State v. Gore, 101 Wn.2d 481, 487, 681 P.2d 227 (1984) (Once the Supreme Court "has decided an issue of state law, that interpretation is binding on all lower courts until it is overruled by this court"), Montanez's claim fails. In light of our conclusion, Montanez's claim that his counsel was

3

No. 78782-9-I/4

ineffective for failing "to alert the trial court to its discretion" to reduce the firearm enhancement fails.

Affirmed.

FOR THE COURT:

4