**FILED**
**MARCH 17, 2020**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36437-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAMREN JAY BUCHE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Camren Buche appeals from a conviction for possession of methamphetamine, challenging very well settled law. We affirm.

FACTS

Mr. Buche was arrested for possessing a stolen vehicle. He also had a baggie of methamphetamine residue in his wallet at the time of the arrest. The prosecutor filed charges of possession of a stolen vehicle and possession of a controlled substance. The matter proceeded to jury trial in the Stevens County Superior Court.

The jury was instructed, without objection, that the State needed to prove Mr. Buche "possessed methamphetamine." Clerk's Papers at 44. Mr. Buche argued to the

jury that the amount of residue was so small that it was irrational to conclude it was methamphetamine.  The jury, nonetheless, convicted the defendant as charged.

The court imposed a first offender waiver of presumptive sentence.  Mr. Buche then appealed to this court.  A panel considered his case without hearing argument.

ANALYSIS

The sole issue presented is a challenge to the elements instruction on the drug possession count, with Mr. Buche contending that a knowledge element must be added.  This issue is controlled by well settled law.

Possession of a controlled substance is a felony offense.  RCW 69.50.4013(1).  Possession of drug residue in a pipe can be properly charged as possession of a controlled substance because no minimum amount of a controlled substance is required.  *State v. George*, 146 Wn. App. 906, 919, 193 P.3d 693 (2008).

The Washington Legislature did not include a knowledge element in the unlawful possession statute.  Our court subsequently concluded that the omission was intentional and that a knowledge element should not be read into the statute.[1]  *State v. Cleppe*, 96 Wn.2d 373, 635 P.2d 435 (1981).  Reviewing the issue a generation later, our court again concluded that *Cleppe* was correctly decided.  *State v. Bradshaw*, 152 Wn.2d 528, 98

---

[1] In order to ameliorate the harshness of strict liability, the court created a common law defense of unwitting possession.  *State v. Cleppe*, 96 Wn.2d 373, 380-381, 635 P.2d 435 (1981).

No. 36437-2-III
*State v. Buche*

P.3d 1190 (2004).[2] Those decisions are binding on this court. *State v. Gore*, 101 Wn.2d 481, 487, 681 P.2d 227 (1984).

Acknowledging this likely outcome, Mr. Buche makes a brief argument that due process is offended by applying strict liability to drug possession offenses. He cites no relevant authority that justifies overturning longstanding legislative decisions to the contrary.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Fearing, J.

Pennell, C.J.

---

[2] After *Bradshaw*, our legislature rejected an effort to amend the drug possession statute to require the State to prove knowing possession. *See* H.B. 1695, 61st Leg., Reg. Sess. (Wash. 2009).