# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52956-4-II |
| Respondent, | |
| v. | |
| MATTHEW DAVID SCHMIDT, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Matthew David Schmidt appeals his possession of a stolen motor vehicle conviction. He argues that the trial court incorrectly instructed the jury regarding the definition of knowledge. We affirm.

## FACTS

On December 12, 2017, Ryan Dillman reported to police that his 1998 Jeep Cherokee had been stolen off the street just outside his residence. On December 17, Vancouver Police Officer Aaron Yoder stopped a 1998 Jeep Cherokee for not having license plates. Schmidt was driving the vehicle, which later was determined to be Dillman's stolen Jeep. Schmidt told Yoder that he got the vehicle from his ex-girlfriend and he did not know it was stolen.

The State charged Schmidt with possession of a stolen motor vehicle.

During trial, Dillman testified that after police located his vehicle, they asked him to come retrieve it. He testified that there was damage to the vehicle, and it appeared someone tried to change or alter its appearance. The front bumper had been removed, the logos had been removed, pin striping had been covered up with black spray paint, and the license plates had been removed.

Additionally, the ignition had been tampered with and the casing around the center console had been removed.

Dillman's key would not start the vehicle. Schmidt offered Dillman the key that he used to start the vehicle. The key was "filed on and altered." 2 Report of Proceedings at 220.

The court instructed the jury that to convict Schmidt it must find he knowingly possessed a stolen motor vehicle. In defining knowledge, the court instructed the jury:

> A person knows or acts knowingly or with knowledge with respect to a fact or circumstance when he or she is aware of that fact or circumstance. It is not necessary that the person know that the fact or circumstance is defined by law as being unlawful or an element of a crime.
> If a person has information that would lead a reasonable person in the same situation to believe that a fact exists, the jury is permitted but not required to find that he or she acted with knowledge of that fact.
> When acting knowingly as to a particular fact is required to establish an element of a crime, the element is also established if a person acts intentionally as to that fact.

Clerk's Papers at 24 (Instr. 10). The court took this instruction from 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL (WPIC) 10.02, at 222 (4th ed. 2016). Schmidt approved the instruction and did not offer any alternative instructions.

The jury found Schmidt guilty as charged. Schmidt appeals.

ANALYSIS

Schmidt argues for the first time on appeal that the trial court's instruction defining knowledge violated his right to due process because it permitted the jury to find him guilty based on constructive rather than actual knowledge that the car was stolen. We decline to reach this issue.

A defendant who does not object to an instruction in the trial court generally cannot challenge that instruction for the first time on appeal. *State v. Johnson*, 188 Wn.2d 742, 761, 399 P.3d 507 (2017). The exception is when an instructional error is of constitutional magnitude. RAP

2.5(a)(3); *State v. Ackerman*, 11 Wn. App. 2d 304, 309, 453 P.3d 749 (2019). Schmidt did not object to the "knowledge" instruction. Therefore, we must determine whether the purported error involves a manifest error affecting a constitutional right.

Instructional errors are of constitutional magnitude when the jury is not instructed on every element of the charged crime. *State v. Roggenkamp*, 153 Wn.2d 614, 620, 106 P.3d 196 (2005). As long as the instructions properly inform the jury of the elements of the charged crime, any error in defining the terms used in the elements is not of constitutional magnitude. *State v. Gordon*, 172 Wn.2d 671, 679-80, 260 P.3d 884 (2011). Even an error defining technical terms does not rise to the level of constitutional error. *Gordon*, 172 Wn.2d at 677.

Here, Schmidt does not argue that the trial court failed to instruct the jury on the elements of possession of a stolen motor vehicle. Rather, he argues the trial court erred in defining "knowledge." Because the claim of error does not involve a manifest error affecting a constitutional right, we decline to review it.

Nevertheless, we note that the knowledge instruction provided by the court, and approved by the parties, was a correct statement of the law. The knowledge instruction is identical to WPIC 10.02. In *State v. Leech*, 114 Wn.2d 700, 710, 790 P.2d 160 (1990), *abrogated on other grounds by In re Pers. Restraint of Andress*, 147 Wn.2d 602, 56 P.3d 981 (2002), the Supreme Court expressly approved of WPIC 10.02 to instruct the jury on the meaning of "knowledge." And, more recently, in *State v. Allen*, 182 Wn.2d 364, 372, 341 P.3d 268 (2015), the Supreme Court held that the instruction given reflected the language of WPIC 10.02 and "correctly stated the law regarding 'knowledge.'" Once the Supreme Court decides an issue of state law, that interpretation is binding on all lower courts until it is overruled by the Supreme Court. *State v. Gore*, 101 Wn.2d 481, 487, 681 P.2d 227 (1984).

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

                                                 Melnick, J.

We concur:

Worswick, J.

Sutton, A.C.J.