**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

Filed
Washington State
Court of Appeals
Division Two

April 25, 2023

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>ENDY DOMINGO-CORNELIO<br><br>Appellant. | No. 56483-1-II<br><br><br>PUBLISHED OPINION |

PRICE, J. — Endy Domingo-Cornelio appeals his sentence imposed following convictions for first degree rape of a child and three counts of first degree child molestation. He argues that mandatory sex offender registration for juveniles is punitive and violates the Eighth Amendment to the United States Constitution. He further argues that because the Eighth Amendment applies, the sentencing court had discretion to waive the requirement for sex offender registration.

We disagree and hold that the sex offender registration statute for juveniles is not punitive and, therefore, the Eighth Amendment does not apply. Further, because the Eighth Amendment does not apply, Domingo-Cornelio's argument that the sentencing court had discretion to waive sex offender registration fails. Accordingly, we affirm Domingo-Cornelio's sentence.

FACTS

I. BACKGROUND FACTS

Domingo-Cornelio was convicted of one count of first degree rape of child and three counts of first degree child molestation in 2014. Domingo-Cornelio committed the crimes over a two-year period when he was between 15 and 17 years old, but he was investigated, charged, and

No. 56483-1-II

convicted as an adult when he was 20 years old. The trial court imposed a low end, standard range sentence of 240 months' confinement. Domingo-Cornelio was also notified of his requirement to register as a sex offender per RCW 9A.44.130. This court affirmed his convictions. *State v. Domingo-Cornelio*, No. 46733-0-II (Wash. Ct. App. Apr. 5, 2016) (unpublished).[1]

One year later, our Supreme Court decided *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017), which held courts must consider the mitigating factors of youth when sentencing juveniles as adults. Domingo-Cornelio filed a personal restraint petition seeking resentencing due to his age at the time he committed his crimes. Our Supreme Court granted his petition and remanded for resentencing. *In re Pers. Restraint of Domingo-Cornelio*, 196 Wn.2d 255, 269, 474 P.3d 524 (2020), *cert. denied*, 141 S. Ct. 1753 (2021).

II. RESENTENCING

At the time of his resentencing, Domingo-Cornelio had served 84 months of his sentence. Relying on *Houston-Sconiers*, Domingo-Cornelio asked the sentencing court to meaningfully consider his youth and reduce his sentence to time served of 84 months. He also argued that mandatory sex offender registration for juveniles constituted cruel and unusual punishment under the Eighth Amendment and article I, section 14 of the Washington Constitution. Domingo-Cornelio asserted the sentencing court could "exercise discretion in all aspects of a sentence under *Houston-Sconiers*." Verbatim Rep. of Proc. (VRP) at 51. He argued that mandatory sex offender registration for juveniles was an "open question of law" because "it ha[d] not been decided whether sex offender registration for juveniles is . . . a part of the sentence or punitive after *Houston-*

---

[1]https://www.courts.wa.gov/opinions/pdf/D2%2046733-0-II%20Unpublished%20Opinion.pdf.

No. 56483-1-II

*Sconiers*." VRP at 52. Accordingly, Domingo-Cornelio requested that the sentencing court not impose mandatory sex offender registration.

The State asked the sentencing court to reimpose the original sentence of 240 months, stressing the burden was on the defendant to show his youthfulness was a compelling mitigating factor in the commission of the crime and that he did not meet this burden under the *Houston-Sconiers* factors. The State further argued that sex offender registration was nonpunitive, the registration requirement arose from statute and not a court order, and the legislature had already recognized modifications for juveniles, given they could seek relief from registration earlier than adults under RCW 9A.44.143.

The sentencing court largely agreed with Domingo-Cornelio and sentenced him to 84 months' confinement. But the sentencing court decided it had no discretion with respect to the sex offender registration and declined Domingo-Cornelio's request to relieve him of the sex offender registration requirement. The sentencing court stated:

> And so I'm going to just state my finding that I do not have discretion to change the operation of the sex offender registration statute. I believe that the legislature in the past considered juveniles separately from adults and that's why there are special provisions. And so if parties here today are interested in changing that, the proper place to go would be the legislature. Take all of these studies and all this data and talk to your representatives or your senators because my job, the job that I swore an oath to uphold, is to enforce the law as it's written, and so that's what I have to do today.

VRP at 67-68.

Domingo-Cornelio appeals.

No. 56483-1-II

ANALYSIS

Domingo-Cornelio argues that the statute requiring mandatory sex offender registration for juveniles violates the Eighth Amendment.[2] He argues that the mandatory sex offender registration statute for juveniles constitutes punishment and the severe nature and consequences of mandatory lifetime registration are cruel and unusual. Domingo-Cornelio also argues that the sentencing court erred by failing to recognize it had the discretion to waive the registration requirement. We disagree and hold the mandatory sex offender registration for juveniles is not punishment and, therefore, the Eighth Amendment does not apply. Further, because the Eighth Amendment does not apply, the sentencing discretion required by *Houston-Sconiers* does not apply to modifying the statutory mandatory sex offender registration requirement.

I. CONSTITUTIONALITY OF SEX OFFENDER REGISTRATION REQUIREMENT

We review constitutional issues de novo. *State v. Gresham*, 173 Wn.2d 405, 419, 269 P.3d 207 (2012). Statutes are presumed constitutional, and the challenging party bears the burden to show the statute is unconstitutional beyond a reasonable doubt. *State v. Brayman*, 110 Wn.2d 183, 193, 751 P.2d 294 (1988).

---

[2] Domingo-Cornelio's briefing is premised on the Eighth Amendment. He cites article I, section 14 of the state constitution once and contends that it is well established that the state constitution's provision on cruel punishment is more protective than the United States Constitution; therefore, a *State v. Gunwall*, 106 Wn.2d 54, 720 P.2d 808 (1986), analysis is not required. But Domingo-Cornelio fails to make a separate argument under our state constitution or to articulate any difference between the Eighth Amendment and our state constitution as it pertains to mandatory sex offender registration for juveniles. Therefore, we rely on the Eighth Amendment and do not separately analyze his arguments under the state constitution. *See Bercier v. Kiga*, 127 Wn. App. 809, 824, 103 P.3d 232 (2004), *review denied*, 155 Wn.2d 1015 (2005) ("We need not consider arguments that are not developed in the briefs and for which a party has not cited authority.").

4

No. 56483-1-II

The Eighth Amendment prohibits cruel and unusual punishment. *Miller v. Alabama*, 567 U.S. 460, 469, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012). Accordingly, before its protections apply, a State action must be deemed a "punishment" or, in other words, punitive. *See Wilson v. Seiter*, 501 U.S. 294, 300, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) ("[T]he Eighth Amendment . . . bans only cruel and unusual *punishment*."); *Doe v. Settle*, 24 F.4th 932, 945 (4th Cir. 2022), *cert. denied*, 213 L. Ed. 2d 1093 (2022) ("the [cruel and unusual punishment] Clause only regulates 'punishments' ").

To determine whether a statute is punitive, courts apply a two-step test. The first step is to look to the legislature's purpose in enacting the statute. *State v. Ward*, 123 Wn.2d 488, 499, 869 P.2d 1062 (1994). If the legislative intent is punitive, the analysis stops. But if the court determines the legislative intent is nonpunitive, the court then applies the factors from *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 83 S. Ct. 554, 9 L. Ed. 2d 644 (1963), to determine "whether the actual *effect* of the statute is so punitive as to negate the Legislature's regulatory intent." *Ward*, 123 Wn.2d at 499. The *Mendoza-Martinez* factors are:

> "Whether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of *scienter*, whether its operation will promote the traditional aims of punishment—retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned . . . ."

*Id.* (alteration in original) (quoting *Mendoza-Martinez*, 372 U.S. at 168-69).

In *Ward*, a case involving an adult offender, our Supreme Court held that sex offender registration is not punitive after applying this two-part test. *Id.* at 499-511. First, the court recognized that the legislature's purpose in enacting the sex offender registration statute was

5

No. 56483-1-II

regulatory, not punitive—specifically, to assist law enforcement by regulating sex offenders. *Id.* at 499. Then, the court determined that four of the *Mendoza-Martinez* factors were relevant to determining whether sex offender registration was punitive: (1) whether sex offender registration is an affirmative disability or restraint, (2) whether sex offender registration has historically been regarded as punishment, (3) whether sex offender registration promotes traditional aims of punishment, and (4) whether registration is excessive in relation to its regulatory purpose. *Id.* at 500, 507-08. The court analyzed each factor separately. *Id.*

First, the court held that the physical act of registering did not create an affirmative disability or restraint because sex offender registration did not restrain offenders and imposed "burdens of little, if any, significance." *Id.* at 501. Further, the court rejected the argument that disclosure of sex offender registration information creates an affirmative disability or punitive effect. *Id.* at 506. Second, the court held that registration was a common regulatory tool and, therefore, was not historically regarded as punishment. *Id.* at 507-08. Third, regarding whether registration promotes the traditional aims of punishment, the court recognized that registration may have a deterrent effect; however, any deterrent effect was secondary to the primary purpose of assisting law enforcement. *Id.* at 508. Fourth, the court held that sex offender registration was not excessive. *Id.* at 509. The court rejected the contention that sex offender registration resulted in "lifelong 'badge of infamy' " because registration was not lifelong for all offenses and offenders could petition for relief from the duty to register. *Id.* at 509-10.

After considering the above factors, the court held that sex offender registration was not punitive:

6

No. 56483-1-II

> On balance, we conclude that the requirement to register as a sex offender under RCW 9A.44.130 does not constitute punishment. The Legislature's purpose was regulatory, not punitive; registration does not affirmatively inhibit or restrain an offender's movement or activities; registration per se is not traditionally deemed punishment; nor does registration of sex offenders necessarily promote the traditional deterrent function of punishment. Although a registrant may be burdened by registration, such burdens are an incident of the underlying conviction and are not punitive . . . .

*Id.* at 510-11.

Despite *Ward*'s clear holding that sex offender registration is not punishment, Domingo-Cornelio asserts that the analysis is different when considering juveniles and, therefore, *Ward* does not control.

However, much of *Ward's* reasoning unquestionably applies equally to juveniles. For example, Domingo-Cornelio does not dispute that the legislature's purpose in enacting the sex offender registration statute was to assist law enforcement and makes no argument that this purpose is any different because an offender is a juvenile.

Further, nothing in Domingo-Cornelio's arguments regarding the first three factors undermines the application of *Ward*'s holding to juveniles. First, Domingo-Cornelio argues that the requirements of registration are onerous and that burden is only increased for juveniles because they will likely be subject to the requirements for longer than an adult offender. However, *Ward* already rejected the argument that the requirements of registration are burdensome enough to be considered punitive, and the requirements for registration are not different for adults and juveniles. 123 Wn.2d at 501. And whether a juvenile will be subject to the requirements longer than an adult does not make the requirements more or less onerous, it only goes to whether the requirement may be excessive under factor 4, discussed below.

7

No. 56483-1-II

For the second factor, Domingo-Cornelio argues sex offender registration resembles traditional forms of punishment such as public shaming and humiliation and this is more true for juveniles because a juvenile may be able to have their records sealed when they reach 18 years of age. However, *Ward* went through an extensive discussion of the limited information that is actually available for public dissemination through sex offender registration. *Id.* at 502-04. Further, *Ward* clearly held that registration is not historically a punishment. *Id.* at 507-08. The fact that some juveniles may have the ability to seal their records does not transform the sex offender registration statute into a public shaming device that has historically been viewed as punishment or undermine *Ward*'s conclusion.

Third, Domingo-Cornelio claims that sex offender registration served traditional punitive aims of retribution and deterrence, but he makes little reasoned argument supporting this claim or distinguishing juveniles from adult offenders. *Ward* recognized that sex offender registration may have a minor deterrent effect, but that was secondary to its regulatory purpose. *Id.* at 508. Domingo-Cornelio has not shown that sex offender registration would have any different retributory or deterrent effect for juveniles.

Domingo-Cornelio's most compelling arguments are solely relevant to the fourth factor— whether registration is excessive in relation to its regulatory purpose. For this factor, Domingo-Cornelio argues the statutory scheme is excessive with respect to juveniles because recent studies show juvenile offenders are more amenable to rehabilitation and less likely to reoffend than adults. Domingo-Cornelio is correct that *Ward* did not consider the now-extensive body of scientific literature and case law regarding juvenile offenders. *See id.* at 508-10. Therefore, we now consider whether Domingo-Cornelio has shown that mandatory sex offender registration requirements are

8

No. 56483-1-II

excessive in light of the developments in scientific literature and case law regarding juvenile offenders.

This consideration leads to the conclusion that the statue is not excessive for juveniles in relation to its nonpunitive purpose. Although juveniles may have been recognized as generally more amenable to rehabilitation and less likely to reoffend than adults, the statute includes important features that provide leniency to juveniles compared to adults. Whereas adult offenders must wait either 10 or 15 years, depending on the crime, to petition the court for relief from the registration requirement and must carry a high burden of clear and convincing evidence, juvenile offenders may only have to wait two or five years to petition the court, and must only meet the lowest standard of a preponderance of the evidence. RCW 9A.44.143(2)(a)-(c), (3)(a)-(c). Given these deliberate differences between adult and juvenile offenders, the legislature clearly considered youth and age when it calibrated the registration requirements. By incorporating accommodations for differences between juveniles and adults, the statute is not excessive in relation to is nonpunitive purpose.

In the end, we are bound by *Ward*'s holding that sex offender registration is not punishment. *See State v. Gore*, 101 Wn.2d 481, 487, 681 P.2d 227 (1984) (holding that once our Supreme Court has decided an issue, the court's holding is binding on all lower courts until our Supreme Court overturns it). Domingo-Cornelio has not shown that there are sufficient differences in applying sex offender registration requirements to juveniles to undermine *Ward*'s clear holding. Accordingly, we hold that the sex offender registration statute for juveniles is not punitive. Thus, the Eighth Amendment does not apply, and Domingo-Cornelio's challenge to the constitutionality of the sex offender registration requirement necessarily fails.

9

No. 56483-1-II

II. COURT'S DISCRETION TO WAIVE SEX OFFENDER REGISTRATION REQUIREMENTS

Domingo-Cornelio also argues that the sentencing court erred by failing to exercise its discretion to waive the sex offender registration requirement. Citing to *Houston-Sconiers*, Domingo-Cornelio argues the sentencing court must consider the mitigating factors of youth for juveniles sentenced as adults and have the discretion to impose a sentence without registration. We disagree.

In *Houston-Sconiers* our Supreme Court held that the Eighth Amendment required that superior courts have discretion to depart from mandatory sentencing provisions of the Sentencing Reform Act (SRA), chapter 9.94A RCW, and meaningfully consider the mitigating qualities of youth. 188 Wn.2d at 21. As discussed above, the Eighth Amendment does not apply here because the sex offender registration statute, even when applied to juveniles, is not punitive. Because the Eighth Amendment does not apply, the discretion required by *Houston-Sconiers* does not extend to the sex offender registration requirement.[3] Thus, Domingo-Cornelio's argument that the sentencing court had the discretion to waive the sex offender registration requirement under *Houston-Sconiers* fails. Accordingly, the sentencing court did not err when it declined to waive Domingo-Cornelio's mandatory registration.

---

[3] The State separately contends the sentencing court did not have discretion to waive mandatory registration because the sentencing court only has authority to sentence offenders pursuant to the SRA, and sex offender registration is mandated by a separate statute not contained within the SRA. Because we determine mandatory registration is not punitive under the Eighth Amendment, we do not address this argument.

No. 56483-1-II

CONCLUSION

The sex offender registration requirement for juveniles is not punitive and, therefore, is not unconstitutional under the Eighth Amendment. Further, the discretion in sentencing juveniles mandated by *Houston-Sconiers* does not extend to the sex offender registration requirement. We affirm Domingo-Cornelio's sentence.

PRICE, J.

We concur:

LEE, P.J.

CHE, J.

11