IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

Respondent,

v.

N.E.M.,

Appellant.

No. 86464-5-I

DIVISION ONE

UNPUBLISHED OPINION

COBURN, J. — N.E.M. appeals the trial court's order denying his motion to vacate and seal his juvenile convictions. N.E.M. contends that the trial court erred when it determined that it did not have discretion to vacate and seal his juvenile records pursuant to RCW 13.50.260(4)(a). As instructed by the Washington Supreme Court's decision in State v. Garza, 200 Wn.2d 449, 518 P.3d 1029 (2022), we affirm.

FACTS

In 1996 N.E.M. was convicted in juvenile court for assault in the third degree, kidnapping in the second degree, and rape in the second degree. After having successfully petitioned the court to relieve him of his duty to register as a kidnapping offender the previous year, in 2024 N.E.M. moved to vacate and seal his juvenile convictions under RCW 13.50.260(3). N.E.M. made his request even though his conviction of rape in the second degree prevented him from meeting the requirements for mandatory sealing pursuant to RCW 13.50.260(4)(a)(v). The trial court denied the

motion. The court ruled that because N.E.M. did not qualify for sealing under RCW

13.50.260(4)(a)(v), the court did not have discretion to vacate and seal his juvenile

records. N.E.M. appeals.

DISCUSSION

This appeal involves the relationship between two provisions of RCW 13.50.260,

the statute governing the vacatur and sealing of juvenile offender's court records.

Subsection (3) states:

> If a juvenile court record has not already been sealed pursuant to this section, in any case in which information has been filed pursuant to RCW 13.40.100 or a complaint has been filed with the prosecutor and referred for diversion pursuant to RCW 13.40.070, the person who is the subject of the information or complaint may file a motion with the court to have the court vacate its order and findings, if any; resolve the status of any debts owing; and, subject to RCW 13.50.050(13), order the sealing of the official juvenile court record, the social file, and records of the court and of any other agency in the case, with the exception of identifying information under RCW 13.50.050(13).

The relevant portion of subsection (4) states:

> The court shall grant any motion to seal records for class A offenses <u>made pursuant to subsection (3)</u> of this section if:
> (i) Since the last date of release from confinement, including full-time residential treatment, if any, or entry of disposition, the person has spent five consecutive years in the community without committing any offense or crime that subsequently results in an adjudication or conviction;
> (ii) No proceeding is pending against the moving party seeking the conviction of a juvenile offense or a criminal offense;
> (iii) No proceeding is pending seeking the formation of a diversion agreement with that person;
> (iv) The person is no longer required to register as a sex offender under RCW 9A.44.130 or has been relieved of the duty to register under RCW 9A.44.143 if the person was convicted of a sex offense;
> (v) The person has not been convicted of rape in the first degree, rape in the second degree, or indecent liberties that was actually committed with forcible compulsion; and
> (vi) The person has paid the full amount of restitution owing to the individual victim named in the restitution order, excluding restitution owed to any public or private entity providing insurance coverage or health care

coverage.

RCW 13.50.260(4)(a) (emphasis added).

N.E.M. avers that meeting the conditions listed in RCW 13.50.260(4)(a) mandates sealing but does not otherwise limit a court's discretion to consider and grant a juvenile offender's motion to vacate and seal his juvenile records where the sealing conditions are not met. Because we are bound by express authority from the state supreme court, we are compelled to disagree.

We review questions of statutory interpretation de novo. State v. Haggard, 195 Wn.2d 544, 547, 461 P.3d 1159 (2020). The court must interpret statutes to "best fulfill[] the legislative purpose and intent." Id. at 547-48. Where the statute's meaning is plain on its face, the court must give effect to the plain meaning "as an expression of legislative intent." Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002). However, when a statute is ambiguous, the court may discern legislative intent from the statutory construction, legislative history, and relevant case law. Jametsky v. Olsen, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014). We are bound by our state Supreme Court's interpretation of a statute and conclusions of law. Yuchasz v. Dep't of Lab. & Indus., 183 Wn. App. 879, 888, 335 P.3d 998 (2014); State v. Gore, 101 Wn.2d 481, 487, 681 P.2d 227 (1984).

The Juvenile Justice Act, chapter 13.40 RCW, has "the dual purpose of holding juveniles accountable and fostering rehabilitation for reintegration into society." State v. S.J.C., 183 Wn.2d 408, 421, 352 P.3d 749 (2015); RCW 13.40.010(2). The weighing of these competing interests led to the legislature's separate treatment of juvenile court records and conclusion that they deserve more confidentiality than other types of court

records. S.J.C., 183 Wn.2d at 421. "The legislature designed [a] mechanism for sealing juvenile court records specifically so that juvenile offenders can overcome prejudice and reintegrate into society." State v. Cofield, 1 Wn. App. 2d 49, 53, 403 P.3d 943 (2017) (citing LAWS OF 1977, 1st Ex. Sess., ch. 291, § 12). Further contributing to this purpose is RCW 13.50.260(3)'s authorization for a juvenile court's orders and findings to be vacated. Garza, 200 Wn.2d at 460.

In Garza, the Washington Supreme Court interpreted RCW 13.50.260(3) as part of its determination that juvenile adjudication judgments may be vacated and sealed under the plain language of the provision.[1] Id. at 451-52, 454-60. As part of its analysis, the court considered the State's claim that RCW 13.50.260(3) "[could] not include juvenile adjudications because it would create the absurd result of making it easier for juveniles to vacate an adjudication than to seal one." Id. at 457. The court observed that the state's argument ignored the statutory language. Id. The court held that RCW 13.50.260(3) applies to motions to vacate and seal, not motions to only vacate juvenile court records. Id. at 457-58. Put differently, "the language of RCW 13.50.260(3) demonstrates that the legislature intended movants to file a motion to vacate and seal, not just a motion to vacate or a motion to seal." Id. at 460 (some emphasis added).

The Garza court instructed that "before a trial court grants a motion to vacate and seal under RCW 13.50.260(3), it must confirm that the movant meets the criteria to seal." Id. (emphasis added).[2] Thus, to prevail on a motion to vacate and seal under

---

[1] RCW 13.50.260 was amended after Garza, but the relevant language of the statute has not been changed. Compare former RCW 13.50.260(3)-(4) (2020) with current RCW 13.50.260(3)-(4) (2023).

[2] The court clarified that though a juvenile offender is required to satisfy the sealing requirements in RCW 13.50.260(4) to be eligible for their records to be sealed and vacated, a

RCW 13.50.260(3), a juvenile offender "must still meet the sealing requirements enumerated in RCW 13.50.260(4)(a), (b), and (c)." Id. at 458.[3] Therefore, under Garza, the trial court in the instant case did not err by determining it did not have discretion to consider N.E.M.'s motion to vacate and seal his juvenile records because N.E.M. has a conviction for rape in the second degree, contrary to the requirement listed in RCW 13.50.260(4)(a)(v).

We note that N.E.M.'s plain language interpretation of RCW 13.50.260(4) is reasonable. That is, though the provision expressly identifies when a court must grant a motion to seal, the provision and the statute as a whole are otherwise silent regarding restricting the court's authority. Under N.E.M.'s interpretation, other than when RCW 13.50.260(4) is met or when records are sealed administratively under RCW 13.50.260(1)-(2), the court can consider each individual's circumstance and exercise its discretion as to whether sealing and/or vacatur is warranted. Nevertheless, we are bound to follow Supreme Court precedent. 1000 Virginia Ltd. Partnership v. Vertecs

---

trial court may nonetheless exercise discretion to determine whether the extraordinary relief of vacatur should be granted. Garza, 200 Wn.2d at 460-61.

[3] Because the Garza court interpreted RCW 13.50.260(3) and .260(4) to address the state's argument that .260(3) only applies to motions to vacate, 200 Wn.2d at 457-58, we disagree with N.E.M. that this language is dicta. Johnson v. Wash. State Liquor & Cannabis Bd., 197 Wn.2d 605, 618, 486 P.3d 125 (2021) ("'Statements in a case that do not relate to an issue before the court and are unnecessary to decide the case constitute obiter dictum, and need not be followed.'" (internal quotation marks omitted) (quoting In re Pers. Restraint of Domingo, 155 Wn.2d 356, 366, 119 P.3d 816 (2005))).

Corp., 158 Wn.2d 566, 578, 146 P.3d 423 (2006); <u>Gore</u>, 101 Wn.2d at 487.[4]

We affirm.

_Colburn, J._

WE CONCUR:

_Feldman, J._

---

[4] For this reason, we also decline N.E.M.'s invitation to follow our sister division's holding in <u>State v. Ogle</u> that pre-dates <u>Garza</u>. <u>See</u> No. 50492-8-II, slip op. at 3-4 (Wash. Ct. App. Apr. 10, 2018) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2050492-8-II%20Unpublished%20Opinion.pdf; see also GR 14.1(a) ("Unpublished opinions of the Court of Appeals have no precedential value and are not binding on any court.").